## PEOPLES STATE BANK *v.* BUCHANAN ET AL.

[No. 11,833. Filed January 7, 1925. Rehearing denied April 22, 1925. Transfer denied November 23, 1927.]

1. APPEAL.—*Steps necessary to perfect a term-time appeal.*—To perfect a term-time appeal, an appeal must be prayed and granted during the term at which the judgment was rendered or motion for a new trial was overruled; if time beyond the term is desired for filing the appeal bond, the court must fix the penalty of the bond, approve the surety thereon and fix the time within which the bond must be filed, and such a bond must be filed within the time fixed; a transcript must be filed in the office of the clerk of the Supreme Court within sixty days after the bond is filed (§698 Burns 1926). p. 519.

2. APPEAL.—*Formal prayer for appeal not necessary to term-time appeal.*—A formal prayer for an appeal is not necessary to a term-time appeal, it being necessary only that such steps shall be taken and entered of record as will fairly apprise all parties interested that an appeal of the cause is contemplated. p. 519.

3. NEW TRIAL.—*Special finding constitutes "decision" of court within statute allowing thirty days for filing motion for new trial.*—When a special finding is made by the court, it constitutes the "decision" of the court within the provision of the statute (§587 Burns 1914) allowing thirty days for filing a motion for a new trial, and such a motion filed after the expiration of thirty days from the filing of the special finding presents no question. p. 520.

4. NEW TRIAL.—*Motion for new trial filed more than thirty days after special finding was made presents no question.*—Where special findings were made and filed February 24, 1923, and the motion for a new trial was not filed until April 25, it was not filed within thirty days after the "decision" of the court within the provision of §587 Burns 1914, and, therefore, presented no question. p. 520.

5. ACKNOWLEDGMENT.—*Acknowledgment of mortgage before officer interested therein.*—The acknowledgment of a mortgage before an officer who is a party to the instrument or who is beneficially interested therein, either directly or indirectly, is void, and the instrument is not entitled to be recorded. p. 525.

6. MORTGAGES.—*Mortgage held not enforceable against bona fide purchasers of mortgaged property at execution sale, because of failure of consideration of note secured, by mortgage.*—A mortgage given to a firm of attorneys to secure the payment

Peoples State Bank *v.* Buchanan—86 Ind. App. 517.

of their fee for services thereafter to be performed, was not enforceable against *bona fide* purchasers of the mortgaged real estate at execution sale thereof where the attorneys had refused to render the legal services for which a note secured by such mortgage was given, and notified the mortgagor thereof, as there had been a failure of the consideration thereof, and such note and mortgage could not be revived so as to make it superior to the rights of such purchaser or his assignee by a subsequent indebtedness of the mortgagor to the assignees of said note.    p. 525.

From Montgomery Circuit Court; *Jere West,* Judge.

Suit by the Peoples State Bank against Washington I. Buchanan, the Citizens National Bank of Crawfordsville and others to foreclose a mortgage.    From a judgment for the defendants, the plaintiff appeals.    *Affirmed.*    By the first division, and concurred in by entire court.

*Bachelder & Bachelder, Van Cleave & McGaughey* and *Ward H. Watson,* for appellant.
*Charles Harding* and *W. J. Sprow,* for appellees.

ENLOE, J.—This was an action by appellant wherein it sought judgment upon a certain promissory note executed by appellee, Washington I. Buchanan, of which note appellant was the owner and holder, and it also sought to have a mortgage given to secure the payment thereof foreclosed upon certain real estate.    After the cause was at issue, it was submitted to the court for trial, with a request for a special finding of facts and conclusions of law thereon; this was done.    From an adverse decree as to the foreclosure of said mortgage as against the rights of certain of the appellees, this appeal is prosecuted.

The appellees Citizens National Bank and William' K. Martin have moved to dismiss the appeal for the reason, as they urge, that the same is not effective as a term-time appeal, and that no steps have been taken within

the time allowed by law for perfecting a vacation appeal, and that this court is, therefore, without jurisdiction.

It appears from the record that the judgment and decree herein were rendered and entered on April 13, 1923, and that on June 20, 1923, at the same term of court, the appellant prayed an appeal and was given thirty days within which to file its appeal bond, the court then and there fixing the amount of said bond and naming and approving the sureties thereon; it also discloses that such bond was thereafter filed within the time so given by the court, and that the transcript of the record in said cause was filed in the office of the clerk of this court within sixty days after the filing of said bond.

It is the settled law of this state that to perfect a term-time appeal, the following steps must be taken:

(a) An appeal must be prayed and granted during the term at which judgment was rendered, except where a motion for a new trial has been duly filed and such motion has not been disposed of at the term at which such judgment was rendered, then such appeal must be prayed during the term at which said motion was overruled; (b) the court must fix the penalty of the appeal bond, and a bond, in the amount as fixed, must be tendered to the court and approved by it at such term, or, if time beyond the term is desired within which to file such bond, the court must not only at such term fix the amount of such bond, but it must also name approved surety thereon and fix the time within which such bond must be filed; (c) such bond as last mentioned must be filed within the time so given; and (d) the transcript must be filed in the office of the clerk of this court within sixty days after the appeal bond has been duly filed. *Penn., etc., Plate Glass Co.* v. *Poling* (1912), 52 Ind. App. 492; *McKinney* v. *Hartman* (1896), 143 Ind. 224; *Daugherty* v. *Payne*

(1911), 175 Ind. 603. We do not wish to be understood as holding that a "formal" prayer for an appeal must be made, but only, that such steps shall be taken and entered of record in that behalf as will fairly apprise all parties interested that an appeal of the cause is contemplated. Tested by the foregoing requirements, the appeal in this case was duly taken as a term-time appeal and the motion to dismiss must be and is hereby overruled.

This record discloses that the special findings herein were "made and filed" by the court on February 24, 1923, and that the appellant's motion for a new trial was filed on April 25, 1923; this was too late. It has been repeatedly held that such findings constitute the "decision" of the court, as that word is used in the sixth subdivision of §585 Burns 1914, and it therefore necessarily follows that the time within which a motion for a new trial may be filed commences to run when such special findings are filed. *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, and authorities there cited. As the motion for a new trial in this case was not filed within the thirty days which the law allowed, it was not duly filed, and no question is presented thereby. The only remaining matters in this case arise upon the exceptions of the appellant to the conclusions of law as stated by the trial court.

The controlling facts of this case are,—that on May 27, 1918, one Washington I. Buchanan, being then in financial difficulties, executed a deed of conveyance to his brother, William M. Buchanan, for the undivided one-half (½) interest in and to the lands now involved in this suit, and, that on May 31, 1918, the Citizens National Bank, of Crawfordsville, Indiana, began proceedings to have said deed set aside as having been executed in fraud of the rights of creditors of said grantor, and a *lis pendens* notice of such claim and suit was also on

said day duly filed: Such proceedings were thereafter had in said cause that on March 19, 1920, by the judgment and decree of the Clinton Circuit Court, said deed was set aside as having been executed in fraud of the rights of creditors, and said plaintiff was also, in said proceedings, awarded judgment against the said Washington I. Buchanan, in the sum of $20,343.61 and for costs. A copy of said judgment and decree was at once issued to the sheriff of Montgomery county, who, by virtue thereof, at once levied upon and sold thereunder the lands in this suit involved. At such sale, the said plaintiff, Citizens National Bank, became the purchaser, and received a certificate as such from said sheriff, which certificate it later assigned to one William K. Martin, who, after the year for redemption had expired, received from said sheriff a deed for the premises so sold; said premises were thereafter sold to said Bank for $13,000.

It also appears that on February 2, 1919, the said bank obtained judgment in the Montgomery Circuit Court against said Washington I. Buchanan and another in the sum of $589.77 and costs; that execution was issued thereon and levied upon the lands in controversy, and on March 22, 1919, the rents and profits of the undivided one-half (½) of said lands for the period of five (5) years were, by the said sheriff, sold to William Buchanan and a certificate of such sale duly issued to such purchaser; that said Citizens National Bank, as a judgment creditor of said Washington I. Buchanan, duly redeemed from said sale and procured the rents and profits of said lands for said five year period, to be again sold under a *venditioni exponas*, at which sale, it became the purchaser and received a sheriff's deed as such; that on October 27, 1919, one McIntire recovered a judgment in the Montgomery Circuit Court against Washington I. Buchanan in the sum of $316 and costs,

and, by virtue of an execution issued thereon, the sheriff of said county levied upon, and on December 20, 1919, sold the rents and profits of the undivided one-half (½) of said lands for the period of two (2) years, commencing at the termination of the five-year period for which said lands had theretofore been sold; that said bank, as a judgment creditor of said Washington I. Buchanan, duly redeemed from said sale and procured the rents and profits of said lands, for said two-year period to be again sold under a *venditioni exponas,* at which sale, it became the purchaser and received a sheriff's deed as such purchaser; that on October 28, 1919, Thomas and Davis obtained a judgment in the Montgomery Circuit Court against Washington I. Buchanan for the sum of $598.87 and costs, and thereafter the sheriff of said county, upon execution issued upon said judgment, levied upon, and, on February 14, 1920, sold the undivided one-half (½) of forty-one and one-half acres, the same being a part of the lands involved in this suit, to one Chase Harding, who assigned his certificate of purchase thereto to said bank, which in turn assigned said certificate to William K. Martin, one of the appellees herein, who thereafter duly received a sheriff's deed for the lands so sold.

The court also found that from and after June 30, 1915, Albert D. Thomas, Andrew N. Foley and Nina Lindley were partners engaged in a general law practice in the city of Crawfordsville, Indiana, and that Robert H. Williams and John B. Murphy were partners engaged in the general practice of law at Crawfordsville, Indiana; that a short time prior to October, 1919, said Washington I. Buchanan and his brother William became involved in trouble and litigation, and that thereupon said Washington I. Buchanan sought the advice, counsel and assistance of attorneys,—he first consulting said Andrew N. Foley, and later Williams and Murphy;

that thereafter, on October 22, 1919, said Buchanan executed his promissory note for the sum of $2,000, due in one year, with interest at six per cent. thereon, payable to Robert H. Williams, John B. Murphy, and Andrew N. Foley, and, to secure the payment of said note, he also executed a mortgage on the undivided one-half (½) interest in the lands in controversy herein, said mortgage being acknowledged before said Nina Lindley, of the said firm of Thomas, Foley and Lindley. The court also found that said Foley, in what he did as an attorney for said Buchanan, was representing the firm to which he belonged, and that said firm of Thomas, Foley and Lindley was part owner of said note, and that each of said partners had an interest therein.

The court further found that said Buchanan did not carry out and comply with his contract with said attorneys under which he employed them to represent him, and that, by reason thereof, said attorneys became dissatisfied with their said contract of employment, and said attorneys mutually agreed that they would not further appear in said matters as attorneys for and on behalf of said Buchanan, the aforementioned suit to set aside said deed as being fraudulent being on the docket of the Clinton Circuit Court untried and undisposed of, and said attorneys also agreed that they would surrender to said Buchanan his said note so given to them and the said mortgage given to secure the payment thereof; that thereafter said Buchanan was informed by one of said attorneys that they, said attorneys, had agreed not to further appear for him, or to act as his attorneys, and that they also had agreed to surrender to him his said note and mortgage.

It is further found that thereafter said Buchanan employed the firm of Bachelder and Bachelder, of Indianapolis, as attorneys to represent him, and agreed

with said attorneys that their fee should be $2,000, and that he would cause said note and mortgage aforementioned to be assigned and transferred to them in payment of their said fee, said note to be assigned without recourse on the said named payees or either of them; that a few days thereafter, the said Buchanan informed said Williams, Murphy and Foley of his said agreement with said Bachelder and Bachelder, and on April 10, 1920, said note was so assigned by said payees without recourse and, on the same day, said parties executed an instrument of assignment transferring said mortgage to said Bachelder and Bachelder; that Bachelder and Bachelder held said note until October 8, 1920, when they assigned and transferred said note and mortgage to the appellant herein. Many other facts, not necessary to be herein stated, were found by the court.

The trial court, by its conclusions of law, stated that the rights of the appellant herein, as the holder of said mortgage, were inferior to the rights of said Citizens National Bank, and of said William K. Martin in and to the premises covered by said mortgage. The trial court, by its tenth conclusion of law, stated that the rights of the appellant herein, as the owner and holder of said mortgage, were inferior to the rights of the said Citizens National Bank, the owner of the rents and profits of the undivided one-half (½) of said lands under said sales of March 22, 1919, and of December 20, 1919. (Which sales covered the rents and profits of the undivided one-half of said lands for the period of seven (7) years, ending on April 20, 1927.) Also, that the rights of the appellant were inferior to the rights of said William K. Martin as the owner of the fee of the undivided one-half of said lands under said sales of February 14, 1920, and of April 24, 1920. It is to these conclusions of law that the appellant objects.

It will be borne in mind that in this case there is no

challenge as to the correctness of the court's findings of facts; upon this record, they stand as admitted. According to these findings, the said mortgage was acknowledged by one who had a direct interest in the matter, one of the beneficiaries of said note, and it has been many times held that the acknowledgment of such an instrument, taken before an officer who is a party to the instrument, or who is beneficially interested therein, either directly or indirectly, is a void acknowledgment and that such instrument is not entitled to be recorded. See *Kothe* v. *Krag-Reynolds Co.* (1898), 20 Ind. App. 293, and authorities there cited. It will also be noted that said note and mortgage were executed to three named attorneys, and that, by reason of the failure of the mortgagor to keep and carry out his contract with them, they refused to further act as his attorneys and so informed said mortgagor, and also they informed him that they would surrender and turn over to him his said note and mortgage, but, at his request, they held said note and mortgage for a short time to enable the said mortgagor to arrange for other attorneys to represent him in the litigation then pending; that the said judgment in favor of said Citizens National Bank was rendered by the Clinton Circuit Court on March 19, 1920, and that execution issued thereon to the sheriff of Montgomery county was levied upon said lands on March 22, 1920. At this time, said note and mortgage were still in the hands of said attorneys to whom they had been given, and the question naturally arises—Under the facts as found by the court, and waiving the matter of the due acknowledgment of said mortgage, what right, if any, could these attorneys have then asserted, under said mortgage, as against said bank and its said judgment and levy of execution? The findings show that the consideration for which said note was given was *services as attorneys to be thereafter*

*performed.* The said payees did not perform these services, but abandoned and refused to perform their contract in that behalf, and it, therefore, follows, necessarily, that, at the time said bank obtained its said judgment and at the time said execution issued thereon was levied upon said lands, the consideration for said note had failed, and there was, in fact, no consideration to support the same; there was at that time no existing indebtedness owed by the maker of said note to the payees thereof. The debt is the principal thing, the mortgage is the security, and if there be no indebtedness, it necessarily follows that there can be no foreclosure of the mortgage. *Spader* v. *Lawler* (1848), 17 Ohio Reports 371; *Leader Pub. Co.* v. *Grant Trust, etc., Co.* (1910), 174 Ind. 192; *Brick* v. *Scott* (1874), 47 Ind. 299. As Bachelder and Bachelder did not acquire any interest in and to said note until some time after the levy of said execution in favor of said bank, and as there was no subsisting indebtedness to support said note at the time of the levy of said execution upon said lands, it was, at the time said levy was made, unenforceable as against said bank, and a subsequent indebtedness to the said assignees of said note could not, as against said bank, revive said note and mortgage and make the lien of said mortgage prior to the rights of said bank; to so hold would overturn the settled law as to mortgages and open wide the door to acts of fraud.

Other matters presented by the appellant are of no controlling influence and need not therefore be considered.

We conclude that the trial court did not err in its conclusions of law, and the judgment is therefore affirmed.

Dausman, C. J., Remy, P. J. and Nichols, McMahan and Thompson, J.J., concur.