## HORN v. WILLARD, EXECUTRIX, ETC.

[No. 13,184. Filed January 4, 1929. Rehearing denied June 27, 1929.]

*Oscar Jay,* for appellant.
*Orrien H. Markel,* for appellee.

ENLOE, C. J.—John M. Blocher was the administrator of the estate of one William Horn, deceased. As such he filed his final report, July 14, 1923, showing that he had in his hands, for distribution to the heirs of said estate, the sum of $13,384.58, and that of said sum the appellant, as a son and heir of said deceased, was entitled to receive the sum of $2,183.23, and thereupon the court set and fixed September 10, 1923, as the day upon which a final hearing would be had upon said report. On September 8, 1923, one Stanford Willard filed in said court his petition wherein he asked the court to order and direct the said administrator to pay to the petitioner, out of the money mentioned by said administrator in his said report, as being in his hands and as going to appellant herein as one of the heirs of said estate, the sum of $1,645. As the basis of his said petition, he alleged that on January 10, 1923, Joseph Horn, appellant herein, executed his promissory note of that date, in the sum of $1,500, due six months after date, with interest at seven per cent per annum, and attorneys' fees to one Charles J. Hahn, and that said note had been assigned and transferred to him before maturity. The petitioner further alleged that on September 4,1923, for a valuable consideration, the appellant had assigned to the petitioner, appellee, in writing, the sum of $1,645, of the money so in the hands of said administrator, that being the amount then due on said note, and directed said administrator to pay said amount to appellee. The promissory note and the said instrument of assignment were

both set out, *in haec verba,* in said petition, which closed with the prayer that the court order and direct said administrator to pay said money so assigned to the petitioner, appellee.

The said instrument of assignment was as follows: "To John M. Blocher, Administrator of the estate of William Horn, Deceased. Whereas Joseph Horn has heretofore, for value received, executed his promissory note in the principal sum of $1,500.00 to one Charles J. Hahn, and which note bears date of January 10, 1923, with interest at the rate of seven per cent per annum from date, and attorney's fees, and on account thereof is indebted in the sum of Sixteen Hundred Forty-five Dollars ($1,645.00), and whereas said note is past due and said indebtedness is past due, and said Joseph Horn is desirous of securing the payment thereof, now therefore:

"The undersigned, Joseph Horn, being one of the heirs of the estate of William Horn, deceased, does hereby sell, assign, transfer and set over to Stanford Willard, the purchaser, owner and holder of said note, out of and from his distributive share in and to said estate, the sum of Sixteen Hundred Forty-five Dollars ($1,645.00), and the said John M. Blocher, administrator of said estate is hereby authorized, directed and ordered to pay said sum from his distributive share in said estate to said Stanford Willard, and his receipt therefor shall be a good and sufficient release and discharge of all liability of said estate and of said administrator to me for and on account thereof.

"Witness my hand and seal this 4th day of September, 1923.

"Joseph Horn. [Seal.]"

On September 14, 1923, said final report coming on for hearing before the court was in all things approved, and the administrator was directed to make distribution to

all the heirs except the appellant herein and, as to him, said matter of the rights of Willard, as assignee, was continued. February 12, 1924, said administrator filed his petition wherein he asked that he be permitted to pay to the clerk of the said court said sum of $1,645 and also that he be authorized to pay to appellant herein the residue of the money in hands of said administrator going to appellant as heir. This petition was by the court duly granted as prayed, and the said administrator thereupon made said payments as directed, and then filed his final report, which was thereafter approved, and he was discharged from his trust.

In February, 1925, the appellant appeared in court and filed his answer in four paragraphs to said petition, and later filed a fifth paragraph of answer. To the affirmative paragraph of answer there was a reply in three paragraphs. The cause being at issue, depositions were taken, evidence heard by the court, and July 1, 1926, the court made a finding for the appellee herein and that he should recover from the appellant the sum of $1,645. On September 13, 1926, the appellant filed his motion for a new trial of the cause, specifying as grounds therefor that the decision of the court was not sustained by sufficient evidence, and that it was contrary to law, which motion was on said day overruled, and the court then rendered its judgment that the appellee recover of and from the appellant the sum of $1,645 and for costs. The judgment also directed the clerk of the court to pay to Stanford Willard, the original plaintiff, the said money so in his hands. On the next day, September 14, 1926, the appellant filed a motion to modify said judgment, which motion was upon the same day overruled. The appellant then asked and was given sixty days within which to file all bills of exceptions. The bill of exceptions was presented to the presiding judge on November 13, 1926, in vacation; it was

signed by the trial judge and filed in the office of the clerk on the same day.

From the foregoing statement of the record, it will be seen that the motion for a new trial herein was not filed within the time which the law allows (see *Peoples State Bank* v. *Buchanan* [1925], 86 Ind. App. 517, 145 N. E. 898), and it therefore follows that nothing is presented as to the ruling on this motion. It will also be observed that, at the time the motion for a new trial was overruled, the appellant did not ask for time within which to file his bill of exceptions on the evidence, and that said bill was not filed during the term at which said motion was overruled and judgment rendered. The evidence is not, therefore, in the record. *Tozier, Admr.,* v. *Hobbs' Estate* (1923), 79 Ind. App. 258, 137 N. E. 715.

This condition of the record compels an affirmance of this case. We can see no merit whatever in this appeal and the judgment below is affirmed with ten per cent penalty.

Affirmed.