CARPER, EXECUTRIX *v.* PETER & BURGHARD STONE COMPANY.

[No. 15,960. Filed June 14, 1937. Rehearing denied October 15, 1937.]

*Victor R. Jose, Jr., John G. McNutt,* and *Rogers & Smith,* for appellant.

*Fenton, Steers, Beasley & Klee,* and *Parr, Parr & Parr,* for appellee.

BRIDWELL, C. J.—Appellee filed its claim against the estate of William M. Carper, deceased, of which estate appellant is the executrix. Such proceedings were had in the trial court as resulted in a judgment in favor of appellee and against appellant in the sum of $14,163.14. The cause was tried by the court, and upon proper request therefor the court made its special finding of facts, and stated conclusions of law thereon, upon which the judgment is based. Appellant duly excepted to each of the conclusions of law. The record discloses that this judgment was ·rendered on February 20, 1936. On March 23, 1936, appellant filed her motion for a new trial. On March 26, 1936, appellee filed motion to strike out appellant's motion for a new trial on the grounds, among others, that it was not filed within 30 days from

the date of the signing and filing of said special finding of facts and conclusions of law and rendition of judgment thereon. While these two motions were pending, and on May 2, 1936, appellant filed motion to "amend and correct" the record, averring therein, among other things, that the special finding of facts and conclusions of law filed in the cause, and the rendition of judgment thereon, occurred on February 22, 1936, instead of February 20, 1936, as the record showed, the prayer of said petition being as follows:

> "WHEREFORE, defendant [appellant] prays an order . . . in said cause ordering and directing the Clerk of this Court to expunge the order book entry in said cause so made by said Clerk showing the filing by the court of said Special Finding of Facts and Conclusions of Law thereon and the rendition of said judgment thereon on said 20th day of February, 1936, and ordering and directing the Clerk of this Court to amend and correct, *nunc pro tunc,* as of said 22nd day of February, 1936, the order book and records of this court so as to show that said special Finding of Facts and Conclusions of Law thereon were filed by the court in this cause on said 22nd day of February, 1936, and that said judgment was rendered upon said special Finding of Facts and Conclusions of Law on said 22nd day of February, 1936.
>
> "And this defendant prays for such other and further relief as defendant may be entitled to in the premises."

The trial court, on November 6, 1936, after having heard the evidence offered by the parties, overruled appellant's motion to amend and correct the record, and sustained the motion of appellee to strike out the appellant's motion for a new trial. Appellant excepted to each of said rulings, and prayed an appeal to this court which was granted, and 90 days were given "to file and present all bills of exceptions" in said cause. Thereafter, on December 5, 1936, appellant filed her petition praying that the appeal in said cause be perfected with-

out bond, and that proceedings be stayed until appeal was perfected. On December 7, 1936, the court granted said petition, and "ordered that said appeal of this cause be perfected without bond, and that the proceedings in said cause be stayed for 60 days after said date of December 7, 1936." Notice of appeal was served on appellee February 2, 1937, and on the clerk of the trial court February 3, 1937. The record and appellant's assignment of errors was filed with the clerk of this court February 4, 1937.

Appellee has filed motion to dismiss this appeal, and as reasons for dismissal contends that the record shows that appellant's motion for a new trial was not filed "within 30 days from the date on which the court signed and filed its special finding of facts and conclusions of law" and was therefore stricken out by the court; and that the record further shows that no appeal was taken by appellant within 180 days from the date of the judgment rendered on the conclusions of law stated by the court as is required by law.

The right to appeal is not a vested right, and in this state it is settled that such right is the subject of legislative discretion, to be given or withheld as the legislature sees fit. *Collins* v. *Laybold* (1914), 182 Ind. 126, 133, 104 N. E. 971; *Catherwood* v. *McIntyre* (1934), 99 Ind. App. 220, 192 N. E. 109. Our statute relative to the matter (section 2-3203, Burns Ind. Statutes Anno. 1933, §472 Baldwin's 1934) provides that appeals in all cases "must be taken within one hundred eighty (180) days from the time judgment is rendered." Other sections of our statutory law limit the time for appeal in cases of certain designated character to a period of time less than 180 days but none provide for the taking of an appeal after more than 180 days from final judgment has elapsed.

An appeal lies only from a final judgment (section 2-

3201 Burns Ind. Stat. Anno. 1933, §471 Baldwin's 1934), but where a motion for a new trial is ■ filed *within the time provided by law,* an appeal may be taken within such time as the applicable statute permits from the date of the overruling of such motion, as the judgment does not become a final judgment until such action occurs.

Our statute relative to the filing of a motion for a new trial (section 2-2403 Burns Ind. Stat. Anno. 1933, §370 Baldwin's 1934) is as follows:

> "The application for a new trial may be made at any time within thirty (30) days from the time when the verdict or decision is rendered: Provided, That if the term of court at which the verdict or decision is rendered is adjourned before the expiration of thirty (30) days from the time when the verdict or decision is rendered, then the motion for a new trial may be filed in the clerk's office of said court within thirty (30) days from the time of the rendition of such verdict or decision, and not afterwards: Provided, further, That when any such motion for a new trial is filed in the office of the clerk of such court after the term of court at which the verdict or decision is rendered shall have been adjourned, the clerk of the court shall make a minute of the filing of such motion on the entry docket, showing the date of such filing, and affixing his initials thereto, and he shall likewise make a vacation order-book entry showing such filing and the date thereof."

The time within which a motion for a new trial may be filed begins to run when a special finding of facts is made and filed by the court as such special ■ finding constitutes the decision of the court within the meaning of the statute last above quoted. *Peoples State Bank* v. *Buchanan* (1927), 86 Ind. App. 517, 145 N. E. 898. The record here discloses that the special finding of facts was filed by the court on February 20, 1936, and that the motion for a new trial was not filed until March 23, 1936, more than 30

days after the filing of said special finding. The filing of a motion for a new trial after the time fixed by statute for so doing has elapsed cannot operate to extend the time within which an appeal may be taken so as to make such time commence to run from the date of final disposition of any such motion. Such action has no legal effect, but the rights of the parties are the same as though such motion had never been filed. To hold otherwise would be to nullify the statute controlling such right. See *Blose* v. *Myers* (1915), 58 Ind. App. 34, 107 N. E. 548; *Acme White Lead etc. Works* v. *Indiana Wagon Co.* (1916), 61 Ind. App. 644, 112 N. E. 392; *City of Muncie* v. *State ex rel. Walling, etc.* (1937), 212 Ind. 70, 6 N. E. (2d) 932.

The record and assignment of errors not having been filed in this court until February 4, 1937, and the time for taking an appeal having expired long prior to that date (more than 300 days having then elapsed since date of judgment) the motion to dismiss the appeal should be and is sustained.

Appeal dismissed.