GENTRY v. RAGAN.

[No. 16,149. Filed March 29, 1938.]

*Harney F. Semones* and *Army M. Watkins,* for appellant.

*Archie J. Kahl* and *Wiley C. Dorsett,* for appellee.

LAYMON, C. J.—This is an attempted term time appeal from a judgment rendered on July 15, 1937. On August 4, 1937, appellant filed his motion for a new trial. Before the ruling on said motion, and on August 27, 1937, during the vacation of the trial court, appellant filed what he denominated an appeal bond. Thereafter, on October 19, 1937, the court overruled appellant's motion for a new trial. The only reference to an appeal bond made by the court at the time of the ruling on this motion was the following statement: "The appeal bond having heretofore been filed and approved in this matter by the court."

Appellee has appeared specially and moved to dismiss the appeal on the ground that appellant has not complied with the statute authorizing a term time appeal; nor has any notice been given as required by statute to perfect a vacation appeal.

The record discloses that the judgment of the trial court did not become final until the 19th day of October, 1937, at which time the motion for a new trial was ruled upon. *Carper* v. *Peter & Burghard Stone Co.* (1937), 104 Ind. App. 191, 8 N. E. (2d) 1020.

It is also apparent that the court did not name and approve any surety or fix the penalty of the bond during the term at which the motion for a new trial was overruled, and hence a term time appeal could not be perfected. *Straber* v. *Schmaltz* (1936), 102 Ind. App. 629, 4 N. E. (2d) 593.

The statement of the court at the time of the ruling on the motion for a new trial that the appeal bond had

theretofore been filed and approved in this cause  by the court did not amount to a sufficient compliance with our statute defining the time and manner of perfecting a term time appeal. Furthermore, the transcript was not filed with the clerk of this court within 60 days after the appeal bond was filed, and no extension of time to file the transcript was granted.

The appellant's attempted term time appeal has failed. No attempt has been made to perfect a vacation appeal, and the time for so doing has expired. The appeal is dismissed.