ULMER, ADMINISTRATOR v. WATSON ET AL.
[No. 16,495. Filed November 8, 1939.]

*Solon B. Selleck,* for appellant.

*Dunten & Dunten,* and *R. S. Emerick,* for appellees.

STEVENSON, C. J.—This appeal grows out of a petition filed by the appellees in the LaGrange Circuit Court of Indiana, in which they sought an order against the appellant for an accounting and final settlement of the estate of Hiram D. Nelson, deceased, upon which he was administering. The appellant, as administrator, subsequent to the filing of the petition filed a report to which the appellees filed exceptions.

Without stating fully the issues involved, it is sufficient to say that the trial court heard the evidence, and on the 6th day of May, 1939, entered an order finding for the petitioners and exceptors. The administrator, appellant herein, was ordered to file his final report and pay the funds on hands into the office of the clerk of said court on or before May 18, 1939. On May 19, 1939, the appellant filed his motion for new trial which on that date was overruled and 90 days were given in which to file all bills of exceptions. Appellant on said date prayed appeal to the Appellate Court of Indiana, which appeal was granted. Appellant filed

his transcript and assignment of errors in the office of the clerk of this court on September 13, 1939.

The appellees have appeared specially and moved to dismiss this appeal for the reason that it was not perfected within 90 days from the date of the judgment or the ruling on the motion for new trial as required by Rule 1 of this court.

This motion is well taken and must be sustained. As was said by the Supreme Court in the case of *Roebuck et al.* v. *Essex, Admx.* (1938), 214 Ind. 637, 638, 17 N.E. (2d) 469: "The purpose of Rule 1 was to reduce the maximum time for appeals. The rule must be treated as controlling all appeals except those governed by statute fixing a shorter time."

The record in this case discloses that the appeal was not perfected within 90 days from the 19th day of May, 1939. The transcript and assignment of errors were filed in this court on the 13th day of September, 1939, 117 days from the date of the overruling of the appellant's motion for new trial. Whether the judgment rendered by the lower court is interlocutory or final in character is of no importance since, if interlocutory, the time for appeals is even shorter than the 90 days allowed by Rule 1.

The motion is sustained and the appeal is dismissed.