## DRZEWIECKI *v.* GEORGE.

[No. 16,824. Filed April 14, 1942.]

*Olczak & Olczak,* of South Bend, for appellant.

*J. Chester Allen,* of South Bend, for appellee.

BEDWELL, P. J.—This is an attempted appeal from a judgment of the St. Joseph Circuit Court that was rendered in an action filed by the appellee against the appellant for the purpose of setting aside a default judgment. The judgment from which the appellant seeks to appeal was rendered by such court on the 28th day of June, 1940. The record does not show when if at all, a motion for a new trial was filed, but it does show that on the 4th day of October, 1940, the defendant's (appellant's) motion for a new trial was overruled by the trial court.

The assignment of errors and the transcript of the record were filed in the office of the clerk of this court on June 12, 1941. This was more than eleven months after the rendition of the judgment from which the

appellant seeks to appeal and more than eight months after the ruling by the trial court on his motion for a new trial.

The rules of the Supreme and Appellate Courts that were adopted on June 21, 1937, and which were effective as to all appeals from judgments in civil and criminal cases in which the judgment was entered, or a motion for a new trial was ruled upon subsequent to the 31st day of August, 1937, provided:

> "Appeals from final judgments in all civil and criminal cases in which the final judgment is entered or a motion for a new trial is ruled upon subsequent to the thirty-first day of August, 1937, must be taken within 90 days of the date of the judgment or the ruling on the motion for a new trial. . . ." (Rule 1.)

The rules of the Supreme Court of Indiana, governing procedure and practice in the Supreme and Appellate Courts, effective September 2, 1940, provide:

> "In taking appeals to the Supreme or Appellate Court from final judgments in civil and criminal cases, the assignment of errors and transcript of the record must be filed in the office of the clerk of the court to which the appeal is taken within 90 days from the date of the judgment or the ruling on the motion for a new trial. . . ." (Rule 2-2.)

The rules of the Supreme Court, effective September 2, 1940, do provide for the filing of a petition with the court to which the appeal is sought for an extension of time when it has been impossible, and will be impossible, to procure a bill of exceptions containing the evidence in time to permit the filing of the assignment of errors and transcript on appeal within ninety days. Such rules further provide that the court to which the appeal is sought may in its discretion grant a reasonable extension of time within which to file said tran-

script. No petition of such a nature was filed here, and whether this appeal is governed by the rules adopted June 21, 1937, or the rules effective September 2, 1940, it is apparent that the appeal has not been taken in time and that this court has no jurisdiction thereof and the appeal must be dismissed. *Purdue, Admr.* v. *Taylor* (1923), 80 Ind. App. 49, 139 N. E. 455; *Carper, Extx* v. *Peter & Burghard Stone Co.* (1937), 104 Ind. App. 191, 8 N. E. (2d) 1020; *Union Trust Co., Exr.* v. *Burke* (1937), 104 Ind. App. 353, 11 N. E. (2d) 55; *Preuss* v. *Heaton* (1937), 104 Ind. App. 429, 11 N. E. (2d) 513; *Gentry* v. *Ragan* (1938), 105 Ind. 168, 13 N. E. (2d) 872; *Hubbard* v. *Hubbard* (1940), 108 Ind. App. 433, 29 N. E. (2d) 339; *Ulmer, Admr.* v. *Watson* (1939), 107 Ind. App. 166, 23 N. E. (2d) 305; *Ancker* v. *Brightwood State Bank* (1940), 108 Ind. App. 434, 29 N. E. (2d) 319; *Findy* v. *Bodine* (1940), 107 Ind. App. 604, 26 N. E. (2d) 80.

Appeal is dismissed.

NOTE.—Reported in 40 N. E. (2d) 1004.