HARR v. STATE OF INDIANA.

[No. 0-484. Filed September 11, 1957. Rehearing Denied November 7, 1957.]

*William F. Harr, pro se.*

PER CURIAM.—It appears from the papers filed herein that appellant is attempting, *pro se*, to submit an appeal to this court. He has, however, failed to file an assignment of errors and otherwise comply with Rule 2-6 of this court, 1954 Edition. Without a proper assignment of errors no jurisdiction is conferred upon this court and the attempted appeal is, therefore, dismissed. *Davis* v. *Pelley* (1952), 230 Ind. 248, 251, 102 N. E. 2d 910.

### ON PETITION FOR REHEARING

BOBBITT, J.—On August 16, 1957, appellant filed with the Clerk of this court what he designated an "Appeal from the Fayette Circuit Court. Appellant's Brief."

We treated this proceeding as an attempt to appeal and dismissed the same because of the failure to file an Assignment of Errors. See: *Harr* v. *State* (1957), 144 N. E. 2d 529.

Subsequently, on October 8, 1957, appellant filed with the Clerk of this court a verified petition which he entitled "Assignment of Errors" and requested us to reconsider our decision in 144 N. E. 2d 529, and to grant appellant a hearing in the matter.

If appellant's petition filed on October 8, 1957, were to be considered a petition for rehearing it must be dismissed because it was not filed within the time provided. Rule 2-22 of this court, 1954 Edition.

If such petition—"Assignment of Errors"—could be considered as a proper Assignment of Errors it also must be dismissed because it is not filed within ninety

days from the date of the decision as provided by Rules 2-40 and 2-2 of this court, 1954 Edition.

The order from which appellant seeks an appeal is one denying his petition for writ of error *coram nobis*.

Under the rules of this court the only way to grant appellant an appeal under the circumstances in this case would be to treat the papers and petitions ■ filed by him as an attempt to perfect a belated appeal. However, such appeals are authorized only from judgments of convictions in criminal cases. Acts 1947, ch. 189, §5, p. 625, being §9-3305, Burns' 1956 Replacement; *Sweet* v. *State* (1948), 226 Ind. 566, 81 N. E. 2d 679; *Cf: State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 106 N. E. 2d 911.

We have been unable to find any statutory provision or other authority in Indiana which authorizes a belated appeal from a judgment in an action for writ of error *coram nobis*.

Since the court is unable to find any authority by which an appeal under the circumstances herein may now be granted, the petition filed by appellant herein on October 8, 1957 must be denied.

Petition denied.

Arterburn, C. J., Emmert, Landis and Achor, JJ., concur.

NOTE.—Reported in 144 N. E. 2d 529.

Rehearing denied 145 N. E. 2d 657.