## WHITE v. STATE OF INDIANA

[No. 0-694. Filed January 20, 1964.]

*Archie A. White, pro se.*

PER CURIAM.—Petitioner, Archie A. White, was convicted of incest on January 28, 1957, in the Harrison Circuit Court, Harrison County, Indiana. Petitioner was represented by counsel at the trial. He was sentenced to the Indiana State Prison for a term of two to twenty-one years. His attorney did not take steps to file an appeal from this conviction. Subsequently, petitioner filed a petition for writ of error coram nobis in the Harrison Circuit Court, which denied the petition. He attempted to file an appeal from this decision to the Indiana Supreme Court, which denied him relief on the ground that he failed to comply with Supreme Court Rules pertaining to timeliness in filing such appeals.

After his conviction, petitioner sought the assistance of the Public Defender for the State of Indiana, who declined to assist him on the grounds that there were

neither procedural nor evidentiary errors in the record of trial upon which to base an appeal.

On March 2, 1962, petitioner filed his petition for writ of habeas corpus against Ward Lane, as Warden of the Indiana State Prison, in the District Court for the Northern District of Indiana. The writ was denied on the ground that petitioner had not exhausted his State remedies. He thereupon took an appeal to the United States Court of Appeals for the Seventh Circuit, which vacated the judgment of the District Court and remanded the case to that court so that appropriate orders could be entered ordering petitioner's discharge from custody unless the State of Indiana within a reasonable time provided petitioner with an appeal on the merits from his conviction to the Supreme Court of Indiana and counsel to institute and prosecute such appeal.

The Warden subsequently filed a timely petition for a writ of certiorari to the United States Supreme Court. On December 16, 1963, this petition was denied. It is to be noted that all proceedings following his conviction were undertaken by petitioner pro se.

In the opinion of the United States Court of Appeals for the Seventh Circuit, it is stated:

" . . . it is evident that it would be unrealistic to assume that the public defender may reasonably be expected to prosecute an appeal on behalf of petitioner."

In accordance with the directions contained in the opinion of the United States Court of Appeals for the Seventh Circuit, petitioner is entitled to an appeal to this court from his conviction, a transcript should be provided for him, and counsel should be appointed to prosecute such appeal.

The Harrison Circuit Court, Harrison County, Indiana, and the Judge thereof are hereby directed and ordered to furnish petitioner, Archie A. White, with a transcript and bill of exceptions in the case entitled "State of Indiana v. Archie A. White," being No. 3796 in the Harrison Circuit Court, Harrison County, Indiana, for purposes of appeal; and the Judge of that Court is further ordered to appoint counsel to prosecute said appeal on its merits. The time for filing a transcript and assignment of errors, briefs and other proceedings relevant to an appeal, shall be governed by the Rules of this Court, which time shall commence after the appointment of counsel, which said Harrison Circuit Court shall proceed to do forthwith.

NOTE.—Reported in 195 N. E. 2d 467.