## WHITE *v*. STATE OF INDIANA.

[No. 30,716. Filed November 17, 1967.]

*V. H. Smith,* of Corydon, for appellant.

*John J. Dillon,* Attorney General, and *Carl E. Van Dorn,* Assistant Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit with the crime of incest. On January 28, 1957, appellant was tried by jury in the Harrison Circuit Court, found guilty of incest as charged in the amended affidavit, and sentenced to the Indiana State Prison for a term of not less than two (2) years nor more than twenty-one (21) years.

Appellant subsequently on January 31, 1958, filed in the trial court a Petition for Writ of Error Coram Nobis which was denied on November 3, 1958.

The proceeding now pending in this court is an appeal from the denial of Petition for Writ of Error Coram Nobis. The transcript of the case was filed in the office of the clerk of this court on January 19, 1965, together with appellant's Assignment of Errors. Thereafter, on February 18, 1965, appellant filed his brief in the office of the clerk of this court. The State of Indiana, appellee herein, filed its brief on March 22, 1965.

At this point we deem it necessary, in order that a thorough understanding of the questions and problem confronting the court in regard to this matter may be had, to depart from the record in this court to present a resume of appellant's activities in other fields in his attempts to obtain relief from the sentence imposed in the trial court. The chronology is taken from the Memorandum accompanying the opinion of the U. S. District Court in *White* v. *Lane*, Civil #3010.

The chronology is as follows:

On March 2, 1962, appellant filed in the U. S. District Court, Northern District of Indiana, South Bend Division, hereafter called the District Court, his verified petition for a Writ of Habeas Corpus. The District Court denied that petition June 15, 1962, on the ground appellant had not exhausted his state remedies.

Thereafter, on June 30, 1962, appellant filed in the District Court a petition for certificate of probable cause, which

was denied on September 28, 1962, and a notice of appeal to the Court of Appeals for the Seventh Circuit.

July 17, 1963, the Court of Appeals vacated the order of the District Court entered June 15, 1962, and directed:

> ". . . the order of the district court is vacated and this cause is remanded to that court, so that appropriate orders may be entered ordering petitioner's discharge from the custody of respondent warden, *unless within a reasonable time the State of Indiana provides petitioner an appeal on the merits from his conviction to the Supreme Court of Indiana and counsel to institute and prosecute said appeal.*" (Emphasis supplied). *White* v. *Lane,* 321 F. 2d 298, 301-302 (7th Cir. 1963).

The District Court on September 20, 1963, entered an order containing the directives of the Court of Appeals set forth in the language just quoted.

Respondent Lane filed a petition for writ of certiorari to the Court of Appeals for the Seventh Circuit in the Supreme Court of the United States prior to the order of the District Court of September 20, 1963. On proper motion, Mr. Justice Clark, on December 9, 1963, issued an order staying the order of the District Court of September 20, 1963, until such time as the Supreme Court denied the petition for writ of certiorari, or, alternatively, entered judgment upon the merits of the writ of certiorari. Respondent's petition for writ of certiorari was denied on December 16, 1963, by the United States Supreme Court. *Lane* v. *White* (1963), 375 U. S. 953.

On January 20, 1964, the Indiana Supreme Court issued an order in compliance with the respective orders of the Court of Appeals and the District Court. That order, in part, read:

> "The Harrison Circuit Court, Harrison County, Indiana, and the Judge thereof are hereby directed and ordered to furnish petitioner, Archie A. White, with a transcript and bill of exceptions in the case entitled 'State of Indiana v. Archie A. White,' being No. 3796 in the Harrison Circuit Court, Harrison County, Indiana, for purposes of appeal; and the Judge of that Court is further ordered to appoint

counsel to prosecute said appeal on its merits. The time for filing a transcript and assignment of errors, briefs and other proceedings relevant to an appeal, shall be governed by the Rules of this Court, which time shall commence after the appointment of counsel, which said Harrison Circuit Court shall proceed to do forthwith." *White* v. *State* (1964), 244 Ind. 647, 195 N. E. 2d 467.

Thereafter, on or about January 27, 1964, the Hon. C. Bliss Eskew, Judge of the Harrison Circuit Court, Harrison County, Indiana, appointed V. H. Smith, a practicing attorney of that bar to prosecute appellant's appeal to the Indiana Supreme Court.

At this point the State of Indiana having thus appointed counsel to represent appellant on appeal all that remained to be done to initiate the appeal was to provide appellant with a transcript. Appellant complained that the transcript was not forthcoming and on July 22, 1964, he filed in the District Court a petition to enforce the mandate of the Court of Appeals, which petition, in effect, constituted a prayer to discharge appellant from the custody of the State of Indiana. An order to show cause why appellant should not be discharged was issued upon the respondent warden on July 27, 1964.

Hearing was had in the District Court on said petition on September 2, 1964. At the hearing it developed inter alia that a transcript of petitioner's (appellant's) original conviction was contained in the file of the Indiana Supreme Court, having been filed there by the petitioner himself, in support of a previous appeal from a denial of writ of error coram nobis. At the conclusion of the hearing, the matter was continued for a reasonable time to permit the State of Indiana to furnish a copy of the transcript of the original conviction to appellant's court-appointed counsel. Thereafter the District Court was advised that the transcript in question had been delivered to appellant's counsel on September 26, 1964. On October 7, 1964, the District Court denied petitioner's petition to enforce the mandate by discharge.

Following the ruling of the District Court of October 7, 1964, petitioner sought an appeal therefrom and filed a certificate of probable cause and notice of appeal in the District Court. The certificate of probable cause was denied on November 18, 1964. On December 14, 1964, the Court of Appeals denied appellant's petition for leave to appeal in *forma pauperis,* for transcript and for docketing of record. *White* v. *Lane,* Misc. No. 63, 7th Cir., December 14, 1964.

On March 22, 1965, appellant filed in the District Court what he termed a "motion for issuance of order to produce petitioner at trial." Attached thereto was a new verified petition for writ of habeas corpus.

Sometime between March 22, 1965, and June 16, 1965, petitioner filed in the Court of Appeals a petition for writ of mandate directing the District Court to grant the writ of habeas corpus prayed for in the petition filed therein on March 22, 1965. On June 16, 1965, the Court of Appeals denied the mandamus petition for the reason "petitioner now has pending an appeal from his conviction before the Supreme Court of Indiana and is represented therein by court-appointed counsel." *White* v. *Grant,* Misc. No. 133, 7th Cir., June 16, 1965.

On June 14, 1965, the fact that the appeal pending before the Indiana Supreme Court was not on the merits but was an appeal from a denial of a writ of error coram nobis came to light. Up to that time all courts involved were proceeding on the theory that the appeal then pending was on the merits from a conviction on a charge of incest.

On July 6, 1965, the Court of Appeals denied a petition for rehearing and petitioner's mandamus action against the Judge of the U. S. District Court. *White* v. *Grant,* Misc. No. 133, 7th Cir., July 6, 1965.

Thereafter on July 19, 1965, the District Court received a copy of a petition for writ of certiorari to the Court of Appeals for the Seventh Circuit filed by the petitioner in U. S. Supreme

Court. This petition for writ of certiorari was eventually denied by the Supreme Court on December 13, 1965. *White* v. *Grant*, 382 U. S. 963 (1965).

On or about July 20, 1965, the District Court learned that the petitioner and his court-appointed counsel, V. H. Smith, had had a falling out, that the petitioner sought to discharge his attorney and that he refused to have any further association with him and instead had attempted to enlist the services of the Indiana State Bar Association and the Indiana Civil Liberties Union to assist him.

On November 4, 1965, Mr. Sid Cleveland, Deputy Public Defender, made a trip to the Indiana State Prison to conduct an interview with the petitioner. At that time Mr. Cleveland presented him with a motion for a belated motion for a new trial, which belated motion the petitioner refused to sign.

On November 10, 1965, the District Court was advised that the Judge of the Harrison Circuit Court was appointing new counsel to represent petitioner on appeal. Shortly thereafter a Mr. Daniel B. Burke, Jr. of New Albany, Indiana, became court-appointed counsel and the District Court was so advised on December 9, 1965. Thereupon the District Court, upon being advised that Mr. Burke was planning an interview with the petitioner at the State Prison and was going to present the petitioner with the appropriate papers to institute an appeal, recommended that should petitioner refuse to sign such papers that they be signed by Burke himself as counsel for petitioner and that the appeal go forward under otherwise ordinary procedures.

Thereafter, by letter dated December 17, 1965, the District Court was informed by Mr. Burke that he had interviewed the petitioner and that the latter had refused to sign the papers necessary to prosecute his appeal. Mr. Burke on January 20, 1966, advised the District Court that the petitioner's reason for refusing to sign or file a belated motion for a new trial was that "he was afraid that the petition . . . would be denied and that, consequently, that would end his appeal as

well as his opportunity to be released via the writ of habeas corpus decision of the 7th Circuit."

Thereafter on December 27, 1965, the District Court entered an order denying petitioner's petition for writ of habeas corpus filed therein on March 22, 1965.

On February 4, 1966, by letter of that date, Mr. Burke informed the District Court that the petitioner had refused to comply with any and all of his requests, that Burke's relationship with his client had degenerated into constant debate and haggling over points of law, and that under the circumstances he thought it only fair that he file a petition to withdraw from this case.

Thereafter on March 25, 1966, a hearing was had in the District Court in an effort to determine possible solutions to the problems arising by virtue of the petitioner's refusal to sign the petitions for a belated appeal and his refusal to comply with the rules of the Indiana Supreme Court with respect to instituting the belated appeal. At that hearing both petitioner and Mr. Burke as well as the State of Indiana by its Attorney General were present in person.

On the day of the hearing on March 25, 1966, the District Court received notice that petitioner had filed a verified motion for order to show cause in the Court of Appeals on February 11, 1966. Rather than continue the hearing without date, the District Court decided to proceed with the scheduled hearing and to avoid passing upon any question of law that might be involved in the matter that was pending in the Circuit Court of Appeals.

At the hearing the petitioner personally made known his contentions that (1) "unreasonable time" had expired and he was entitled to discharge from custody; (2) the State of Indiana could not possibly provide him a transcript or a bill of exceptions; (3) he would not sign or file a belated motion for a new trial because the respective orders of the Court of Appeals, the District Court and the Indiana Supreme Court

said nothing about a belated motion for a new trial; and (4) the rules of the Indiana Supreme Court making a belated motion for a new trial requisite to a belated appeal did not apply to him for the reason that, in his opinion, they concerned only questions outside the record and could not possibly be used to prosecute an appeal on the merits. Mr. Douglas B. McFadden, of the office of the Indiana Attorney General, replied that (1) a transcript was in existence and would be furnished upon petitioner's filing a belated motion for a new trial; (2) a belated motion for a new trial was a necessary procedure to frame the issues for presentation of the appeal to the Indiana Supreme Court; and (3) because of the nature of the mandate of the Court of Appeals, the Indiana Supreme Court would consider the merits of petitioner's conviction as directed and petitioner would in no way be limited to raising matters dehors the record. Thereupon the District Court adjourned the hearing without taking final action with respect to any of the matters discussed therein.

On May 24, 1966, the Court of Appeals entered an order denying petitioner's verified motion for order to show cause filed therein on February 11, 1966. *White* v. *Lane,* No. 14004, 7th Cir., May 24, 1966. The denial of this motion came upon a finding that:

> "because of petitioner's unreasoning refusal to sign a belated motion for a new trial or any other document submitted to him having as its purpose the securing of such new trial, petitioner has and continues to arbitrarily, and in defiance of the advice of his counsel, as well as contrary to the holding of this court on July 17, 1963, fail and refuse to avail himself of the opportunity suggested in our opinion of July 17, 1963."

An examination of the transcript, assignment of errors and brief in support of said appeal shows conclusively it was and is predicated solely on the trial court's denial of the Petition for Writ of Error Coram Nobis.

The State of Indiana has diligently, conscientiously and in good faith attempted to promptly comply with the mandate

of the United States Court of Appeals for the Seventh Circuit and with the directions and suggestions of the U. S. District Court for the Northern District of Indiana, and has at every turn and instance been met with the studied insolence and recalcitrance of appellant in his refusal to cooperate with his several court-appointed counsel, his refusal to accept assistance from the office of the Public Defender or to permit that officer to assist him in any manner. Finally, we take cognizance of appellant's point blank refusal to in any manner comply with the rules of this court or to assist or cooperate with his counsel as evidenced by his answer to the question propounded by the Judge of the U. S. District Court for the Northern District of Indiana, as follows:

"The Court: Mr. White, will you cooperate with your counsel, court-appointed counsel in the filing of a motion for new trial?

"Mr. White: No sir; I will not. . . ."

The actions of the appellant in knowingly and voluntarily obstructing the carrying out of the mandate of the Court of Appeals heretofore entered herein makes it impossible for this court to comply therewith.

Therefore the attempted appeal here for consideration must be, and the same is, hereby held to be without merit in that it was filed several years after the writ of error coram nobis was denied. The time limit within which to perfect an appeal from a denial of coram nobis has been fixed at ninety (90) days. There can be no belated appeal from the denial of a writ of error coram nobis. *Edwards* v. *State* (1960), 240 Ind. 701, 164 N. E. 2d 830; *Harr* v. *State* (1957), 237 Ind. 320, 144 N. E. 2d 529, 145 N. E. 2d 657.

The purported appeal is dismissed.

Hunter, C. J. and Arterburn, J., concur.

Lewis and Mote, JJ., concur in result.

NOTE.—Reported in 231 N. E. 2d 23.