STATE EX REL. COX *v.* BOONE SUPERIOR COURT, JOHNSON, JUDGE.

[No. 1168A195. Filed March 4, 1969. No petition for rehearing filed.]

*Ross P. Walker, Lloyd L. DeWester, Jr., DeWester, Raftery & Andrews,* Indianapolis, for relator.

*Grier M. Shotwell, Kothe, Shotwell & Kortepeter,* Indianapolis; *Russel I. Richardson, Stewart, Richardson & Buchanan,* Lebanon, for respondent.

PER CURIAM.—On September 24, 1959, Louis A. Schlachter, et ux., filed suit in the Marion Circuit Court against Relator, Elden J. Cox and others, to abate a nuisance and to recover damages. The cause was subsequently venued to the Boone Superior Court, Judge Paul H. Johnson, Jr., Respondent, herein. Trial commenced on January 23, 1967, and on April 12, 1967, the Respondent entered what was termed a "Type of Findings and Interlocutory Judgment," which states:

"Comes now the Court and having heard evidence and final argument herein, and having taken said cause under advise-

ment and being duly advised herein, now enters its findings and interlocutory judgment as follows:

"1. That from 1955 through the filing of this action by Plaintiffs in September, 1959, Defendant, in the operation of his business, caused odors constituting an actionable nuisance; thereby damaging Plaintiffs in the sum of Two Thousand Seven Hundred ($2,700.00) Dollars;

"2. That since the filing of this action, Defendant has taken steps to partially abate said nuisance, but that said nuisance continues to a lesser degree.

"3. That if said nuisance cannot be further abated, Plaintiffs should have and recover final damages in the sum of Eight Thousand ($8,000.00) Dollars.

"THEREFORE, this being an equitable action, the Court now enters its interlocutory judgment and orders that within Thirty (30) Days hereof, Defendant report in writing to this Court in the alternative:

"I. That he elects to abate said nuisance, in which case the Court will enter judgment for Plaintiffs in the sum of Two Thousand Seven Hundred ($2,700.00) Dollars, and its order for abatement, said order to become enforceable by contempt Sixty (60) Days thereafter, or;

"II. That said nuisance is unabateable, in which alternative the Court shall thereupon enter its judgment for Plaintiffs in the sum of Eight Thousand ($8,000.00) Dollars.

"ALL OF WHICH IS ORDERED, ADJUDGED AND DECREED BY the Court this 12th day of April, 1967."

Pursuant to the entry of April 12, 1967, Relator filed an appeal in the Supreme Court of Indiana which the Supreme Court dismissed, stating no reason for the dismissal.

On March 7, 1968, proceedings supplemental were instituted by Louis A. Schlachter, et. ux. in the Boone Superior Court. On March 22, 1968, Relator filed a motion to strike the petition for proceedings supplemental and a motion for entry of final judgment. On April 4, 1968, Respondent sustained Relator's motion to strike and sustained the motion for entry of final judgment. Thereafter, Respondent entered judgment for eight thousand ($8,000.00) dollars plus costs,

in favor of plaintiffs, Louis A. Schlachter, et. ux. Relator thereupon filed his motion for a new trial, on April 16, 1968. Plaintiffs then filed on April 23, 1968, a motion to strike Relator's motion for a new trial and Respondent sustained same. Relator filed a motion to reinstate the motion for a new trial, which Respondent denied.

Subsequently, on July 15, 1968, Relator filed in the Supreme Court, a petition for a writ of mandate requesting that Respondent be required to reinstate the motion for a new trial and to rule thereon. On July 15, 1968, the Supreme Court issued an alternative writ of mandate ordering. Respondent to file due return, on or before August 30, 1968. Concurrently, on July 15, 1968, Respondent filed in the Supreme Court, a motion to transfer Relator's petition to this court. Respondent filed a return to the alternative writ on August 29, 1968, and on November 20, 1968, Respondent's motion to transfer the petition to this court, was sustained.

The sole question presented by this procedural hodgepodge is: Should the alternative writ, issued by the Supreme Court and adopted by this court, be made permanent, as Relator contends or be dissolved, as per Respondent's contention? It is Respondent's position that the "Type of Findings and Interlocutory Judgment," *supra,* issued on April 12, 1967, became a final decision upon the expiration of thirty (30) days by virtue of Relator's failure to file a written election; that Relator did not file a motion for a new trial until April 16, 1968, over one year after that decision; and that as the motion for a new trial was not timely filed, Respondent should not be required to consider same.

It is Relator's position that the "Type of Findings and Interlocutory Judgment," issued April 12, 1967, was not a final decision; that the judgment entered April 4, 1968, pursuant to Relator's motion, was a final decision as of that date; that Relator filed his motion for a new trial within thirty (30) days after said judgment; and, that Respondent should be commanded to rule upon Relator's motion for a new trial.

From an examination of the motions and pleadings filed in the Supreme Court and that court's disposition thereof, we conclude that the Supreme Court did not construe the entry of April 12, 1967, as a decision from which an appeal would lie, to either that court or this court.

The "Type of Findings and Interlocutory Judgment," issued by Respondent on April 12, 1967, was merely a direction to counsel to decide into which "noose" the Relator would enjoy having his neck inserted.

The so-called "findings" of April 12, 1967, provided alternative decisions, one of which, depending upon the subsequent conduct of Relator, would be selected as the final decision. From April 12, 1967, to April 4, 1968, the cause remained *in fieri*. Not until April 4, 1968, was the court's decision sufficiently apparent to permit the intelligent drafting of a motion for a new trial.

We conclude that the judgment entered April 4, 1968, constituted the final decision of the trial court and that Relator's motion for a new trial was timely filed.

Pursuant to powers vested in this court by Acts of 1963, ch. 278, § 1, p. 424; being Burns' Ann. Stat. § 3-2201, we hereby direct Respondent, Paul H. Johnson, Jr., Judge of the Boone Superior Court, to reinstate Relator's motion for a new trial and to rule upon said motion within thirty (30) days from the date of this opinion. Relator, thereafter, has ninety (90) days in which to file an appeal to this court if he so determines.

Relator's petition granted and the alternative writ made permanent.

White, J., dissents with opinion.

### DISSENTING OPINION

WHITE, J.—I find it impossible to concur in the court's opinion and decision to grant the writ. In my opinion, the

findings made on April 12, 1967, were final, both in form and in fact. The trial court had then not only decided what his resolution of the controversy was but that decision, in its final form, was then entered of record. That decision gave the defendant an election whether he would abate the nuisance or suffer a money judgment against him in a sum $5,300.00 higher than if he did abate. All that remained for the trial court to do after the entry of April 12, 1967, was to calculate the amount of the money judgment for damages in the light of whether defendant had abated the nuisance within the time already decided and stated. And that is all he did on April 4, 1968, by the entry of judgment against defendant in the sum of $8,000.00, "upon the findings heretofore made by this court on April 12, 1967."

It seems to me that the opinion by the court says the same thing in more colorful language by this paragraph:

"The 'Type of Findings and Interlocutory Judgment,' issued by Respondent on April 12, 1967, was merely[1] a direction to counsel to decide into which 'noose' the Relator would enjoy having his neck inserted."

The *per curiam* opinion's next sentence appears to me to be a *non sequitur*. I would change it to read thus:

"The so-called "findings[2] of April 12, 1967, provided alternative decisions, [judgments], one of which, depending upon the subsequent conduct of Relator, would be selected as the final decision [judgment]."

The court is precisely correct in stating that the trial court's final entry would depend on the conduct of the relator subsequent to the entry of April 12, 1967. The unstated implication is that it would depend on nothing else. Specifically,

---

1. I agree that it was a "direction" to respondent (not to his counsel) to decide which of alternative judgments he preferred, but it was not "merely" that. It was also the court's final decision which contained that direction.

it did not depend on the exercise of any further discretion by the court. It was automatic. The court would do nothing further but to enter the judgment it had already decided to enter, and had recorded by Order Book entry that it would so enter at defendant's election.

And finally, several decisions of the Indiana Supreme Court and this court are contravened by the statement that "the *judgment* entered April 4, 1968, constituted the final *decision*." (My emphasis.) A judgment cannot constitute a "decision", as the later word is used in Ind. Acts 1881 (Spec. Sess.), ch. 38, § 422, p. 240, as last amended by Acts 1919, ch. 14, § 1, being also Burns' Ind. Stat. Ann. § 2-2403, which provides:

> "The application for a new trial may be made at any time within thirty [30] days from the time when the verdict or decision is rendered. . . ."[2] *Dodge v. Pope* (1883), 93 Ind. 480, 484; *Wilson v. Vance* (1876), 55 Ind. 394, 396; *Rosenzweig v. Frazer* (1882), 82 Ind. 342, 343; *Christy v. Smith* (1881), 80 Ind. 573, 577; *Jones v. Jones* (1883), 91 Ind. 72, 76; *H. C. Smith Coal Co. v. Finley* (1921), 190 Ind. 481, 487, 131 N.E. 5; *Peoples State Bank v. Buchanan* (1925), 86 Ind. App. 517, 520, 145 N.E. 898; *Carper v. Peter & Burghard Stone Co.* (1937), 104 Ind. App. 191, 195, 8 N.E. 2d 1020; *Campbell v. O'Neill* (1937), 103 Ind. App. 185, 188, 5 N.E. 2d 988; *Scott v. Amsler* (1938), 105 Ind. App. 131, 135, 13 N.E. 2d 890.

I would, therefore, deny the writ.

NOTE.—Reported in 245 N. E. 2d 169.

---

2. Indiana Supreme Court Rule 1-14A, commences: "It shall be deemed a sufficient filing of a motion for a new trial within thirty [30] days following the rendition of a verdict or decision. . . ." The rule alters the provisions of the statute with regard to the method of filing the motion but does not purport to change the period of time in which the motion may be filed or the event which marks the commencement of that period.