## MIEDREICH *v.* LAUENSTEIN.

[No. 21,137. Filed January 15, 1909. Rehearing denied April 8, 1909.]

1. JUDGMENT.—*Setting Aside.—Excusable Neglect.—Fraud.—Direct Attack.*—A suit to set aside a judgment for fraud or excusable neglect constitutes a direct attack upon such judgment. p. 142.

2. PLEADING.—*Complaint.—Setting Aside Judgment.—Fraud.—Notice.—Record.*—A complaint to set aside a judgment on the ground of fraud in procuring the process or the judgment sought to be set aside, need not set out what the record shows as to notice. p. 143.

3. PLEADING.— *Complaint.— Setting Aside Judgment.— Fraud.—* A paragraph of complaint alleging that the defendant in a fore-

closure suit was a nonresident of the county in which the suit
was brought, that no summons was served upon her, that the
sheriff falsely made a return of service, that a guardian *ad litem*
was appointed, such guardian filing an answer for her, does not
show fraud upon the part of the plaintiff in such suit, or her
attorney, nor constitute a sufficient charge of fraud.    p. 143.

4. PROCESS.—*Return.—Reliance Upon.*—The court has a right to
rely upon the sheriff's return upon a summons, such return im-
porting verity.    p. 144.

5. PROCESS.—*False Return.—Action.—Sheriffs.*—An action lies on
behalf of the injured party, against a sheriff who makes a false
return.    p. 144.

6. OFFICERS.—*Bonds.—Penalty.—Sheriffs.*—The amount necessary
for the penalty of a sheriff's bond is a matter for the legislature.
p. 144.

7. APPEAL.—*Weighing Evidence.—Setting Aside Judgment.*—The
Supreme Court will not weigh conflicting evidence in a suit to
set aside a judgment.    pp. 145, 146.

8. PLEADING.—*Complaint.—Paragraphs.—Sustaining Demurrer to
One.—Facts Provable Under Another.—False Process.—Fraud.*—
Where one paragraph of a complaint to set aside a decree of fore-
closure alleged that the plaintiff, knowing of the sheriff's false
return upon the summons, procured a decree to be entered, the
sustaining of a demurrer to another paragraph alleging that the
plaintiff in the foreclosure suit, and her attorneys procured such
false return, and obtained a decree founded thereon, is harmless,
such facts being provable under the former paragraph.    p. 145.

From Superior Court of Vanderburgh County; *Alex-
ander Gilchrist,* Judge.

Suit by Frances A. Miedreich against Constanze Lauen-
stein.    From a judgment for defendant, plaintiff appeals.
*Affirmed.*

*William P. Miedreich* and *John Brownlee,* for appellant.
*Peter Maier,* for appellee.

MYERS, J.—This was a suit by appellant against appellee,
in the Superior Court of Vanderburgh county, to vacate a
decree of foreclosure of a mortgage and sale of her property,
for an accounting for rents, and to be permitted to re-
deem, on the ground that she had no notice of the original
suit, and that her property had been taken without any no-
tice, or opportunity to be heard.    Both parties have treated

this suit as one arising under the provisions of the 14th amendment to the federal Constitution, and as presenting the questions of due process of law and rights guaranteed by article 1, §21, of the state Constitution. A demurrer by appellee, for want of facts to constitute a cause of action, was sustained to the fourth paragraph of complaint, an exception was reserved, and that ruling is assigned as error here. The fourth paragraph of complaint, so far as the grounds of relief thereby sought are concerned, is predicated on the alleged fact that when the original foreclosure proceedings were had, under which sale of her property was made, appellant was twelve years of age, and not a resident of Vanderburgh county, where the suit was brought, but a resident of Gibson county, and had been for many years; that she was not summoned to appear and defend her interests in said suit; that she had no knowledge of the pendency of the suit, did not waive service of process, nor did any one for her, or in her behalf, or by her consent, enter any appearance for her; that she was not amenable to the jurisdiction of the sheriff of Vanderburgh county, but, notwithstanding the fact that she was not served with process, the sheriff of Vanderburgh county made a false return of a summons, and the court was wrongfully imposed upon by such false return, and, being thus falsely advised, at the instance of attorneys for the plaintiff in the cause, appointed for her a guardian *ad litem,* who filed an answer for her; that a decree was thereupon entered and her property sold to the plaintiff in the suit. Direct privity was shown between the original plaintiff and the appellee here, and timely application for relief.

It is settled in this jurisdiction that such a suit may be maintained as a direct attack upon the judgment, certainly so if it can be said to amount to a charge of fraud in

1. procuring notice or obtaining the judgment. *Frankel* v. *Garrard* (1903), 160 Ind. 209; *State* v. *Hindman* (1903), 159 Ind. 586; *Cotterell* v. *Koon* (1898), 151 Ind.

182; *Asbury* v. *Frisz* (1897), 148 Ind. 513; *Kirby* v. *Kirby* (1895), 142 Ind. 419; *Thompson* v. *McCorkle* (1894), 136 Ind. 484; *Dobbins* v. *McNamara* (1887), 113 Ind. 54.

The paragraph is silent as to what the record shows on the question of notice to appellant. In case the complaint could not be said to aver fraud in procuring the proc-
2. ess or judgment, a different question would be presented, for in such case there must be an averment as to what the record shows on the question of notice. *Chicago, etc., R. Co.* v. *Grantham* (1905), 165 Ind. 279; *Layman* v. *Hughes* (1899), 152 Ind. 484; *Runner* v. *Scott* (1898), 150 Ind. 441; *Bailey* v. *Rinker* (1896), 146 Ind. 129.

The allegations do not present a question of fraudulent conduct on the part of the appellee's predecessor in title, or of her attorneys in procuring a false return, or par-
3. ticipation in a fraud upon the court, which is an acknowledged ground of interference of a court of equity. *Frankel* v. *Garrard, supra; Brown* v. *Eaton* (1884), 98 Ind. 591; *Cavanaugh* v. *Smith* (1882), 84 Ind. 380; *Graham* v. *Loh* (1904), 32 Ind. App. 183.

The question is then presented whether the allegations, that appellant was a minor, was not a resident of Vanderburgh county, was a resident of Gibson county, and had been for many years, that no summons was served on her, that she had no knowledge of the proceedings, did not waive service, nor did any one for her or in her behalf or with her consent, enter appearance for her, that she was not amenable to the jurisdiction of the sheriff of Vanderburgh county, that, notwithstanding that she was not served with process, the sheriff of Vanderburgh county made a false return of a summons, and the court was wrongfully imposed upon by such false return, and, being thus falsely advised at the instance of appellant's attorneys, appointed a guardian *ad litem* for her—constitute a charge of fraud. The return was regular on its face. The court had jurisdiction of the subject-matter, and apparently jurisdiction of the person of

appellant. The false return was not procured by the fraud, collusion or imposition of the plaintiff or his attorneys. It is not alleged that either knew of the fact that there had been no service on appellant. The allegations practically present this question. If, without any fraud, or any act on the part of a party to an action or his attorney, a return is made by a sheriff showing service, regular on its face, without knowledge of the party that there was in fact no service, and no act is done or thing said to mislead the sheriff, is it an imposition or fraud upon the court to present such summons and return and obtain a judgment upon it, and is it a charge of fraud or imposition upon the court to allege that the court was wrongfully imposed upon by such false return, and was thus falsely advised? The whole allegations must be taken together, and the scope and theory of the paragraph, as we construe it, is that the court was misled by a false return of the sheriff. The court had a right to rely and act upon the return. It imports verity to the court. The sheriff assumes the responsibility, in taking the office, of seeing to it that he does make the right service. *Nichols* v. *Nichols* (1884), 96 Ind. 433; *State, ex rel.,* v. *Leach* (1858), 10 Ind. 308; *State, ex rel.,* v. *Lines* (1853), 4 Ind. 351.

If this were not true, no litigant could ever know when his rights were adjudicated and set at rest, and, to the end that the party may be made whole, an action for a false return will lie. *Splahn* v. *Gillespie* (1874), 48 Ind. 397; *Rowell* v. *Klein* (1873), 44 Ind. 290.

If it be said that the amount of bond a sheriff is required to give might not cover the damage in any or every case, it is sufficient to say that that is a legislative matter, and not a judicial one. While courts should be, and are, tenacious of the rights of minors, yet they must proceed within recognized rules of equity, as well as of law. We do not think that the court erred in sustaining the demurrer to the fourth paragraph.

The cause went to trial on two other paragraphs of com-

plaint explicitly charging fraud on the part of plaintiff and her attorneys in the original cause in procuring service to be made upon some person whose name and identity are to appellant unknown, by fraudulently representing to the sheriff that such person was the appellant, and thus procuring a false return to be made, by which the court was imposed upon and the decree entered.

The only other error assigned is upon the overruling of the motion for a new trial, in which the causes, properly assigned, are that the decision is not sustained by sufficient evidence and is contrary to law. The sole question presented upon that motion was whether appellant had been served with summons in the original cause. The evidence was conflicting, and the court found against appellant on the evidence on the only question in the cause, and there was legal evidence supporting the finding.

We cannot disturb the decision upon the weight of the evidence in this character of action any more than in any other kind of adversary action. *Murrer* v. *Security Co.* (1892), 131 Ind. 35, and cases cited.

The judgment is affirmed.


## On Petition for Rehearing.

Myers, J.—Counsel urge, on petition for rehearing, that we were in error in holding that the fourth paragraph of complaint is not based upon fraud upon the part of appellee's remote grantor in procuring a false return.

This urgency is based upon the allegations, after recital of the historical events in connection with the foreclosure suit, that there was no service in fact, and a false return, a decree, foreclosure and sale, that an agent and attorney in fact of appellee's remote grantor "had personal knowledge of the facts herein alleged," and that this last allegation of such general knowledge sufficiently charges

fraud. It is not averred that appellee's grantor or her attorneys participated in any act to procure a false return, nor is there any other allegation to couple specific knowledge with the specific fact of a false return. If, in order that the paragraph should be held good, it is necessary to hold that the language quoted imputes knowledge such as to constitute fraud, there is no reversible error in sustaining the demurrer, for the first and fifth paragraphs are grounded upon knowledge of the false return, conspiracy of appellee's remote grantor, and imposition on the officer. A false return is alleged therein, identical with the fourth, as to knowledge; and it required no other or different evidence to sustain them than was required under the fourth, unless it can be said that knowledge that the return was false is different from active participation in procuring a false return. But we apprehend that if a party knows that a return is false, and procures a judgment upon it, he is legally as culpable as if he were an active participant. The material thing is knowledge of the false return, and it is immaterial whether a party knows a return is false, either as a matter of independent knowledge, or by participating in procuring it, for in either case the judgment should be set aside, and we should not hesitate to do so, if such a case were made.

We have again read the evidence in this case, and there is no evidence of knowledge on the part of appellee's remote grantors or her attorneys of the fact that the return was false, and, while the facts alleged in the complaint show an apparent hardship, it is not a different hardship from that which arises in every case where property is bought at enforced sale for a less sum than its value. The evidence shows that appellant's uncle with whom she lived, and who had a large lien against the same property, would not, or could not, give the amount of the mortgage debt for it and take the certificate of purchase, though urged, for a year, by appellee's grantor to do so, which fact is a strong

7.

circumstance against the theory of an attempt to obtain appellant's property by means of a false return.

Upon the question of the sufficiency of the evidence to support the decision, we think that it is fully supported.

Petition for rehearing denied.