THE CITY OF MUNCIE ET AL. *v.* STATE EX REL. WALLING ET AL.

[No. 26,724. Filed March 15, 1937. Rehearing denied May 17, 1937.]

*Leonidas L. Bracken, William A. McClellan,* and *Paul A. Lennington,* for appellants.

*George Koons, Richard L. Ewbank,* and *Philip O'Neill,* for appellees.

ROLL, J.—This was an action for mandate brought in the name of the State of Indiana by appellees herein as relators to compel appellants to perform certain duties imposed upon them by statute.

It appears that relators were firemen in the city of Muncie, Indiana, and that in January, 1930, they were orally dismissed as such fireman by the mayor and board of safety of said city. That said relators brought suit in mandate in the Superior Court of Delaware County, to compel the board of public safety of the city of Muncie through its members to reinstate them and to place the names of said relators on the records and pay roll of the fire department of said city as officers of said department and to enroll their names and official salaries on the official salary payroll as provided by law

and ordinances, on the ground that their pretended oral dismissal as such officers was without cause, invalid, unlawful and ineffectual. On May 14, 1932, judgment was rendered granting the relief asked. There was an attempted appeal to this court from said judgment, which appeal was dismissed by this court with an opinion on November 3, 1933, *Board of Public Safety, etc.* v. *Walling et al.* (1934), 206 Ind. 540, 187 N. E. 385. Afterwards the names of relators were placed on the pay roll of the fire department of said city as fireman and their salary as fixed by ordinance placed opposite their names. Afterwards certain city officials of the city of Muncie were brought into court upon a petition to have them attached for failure to obey and carry out the judgment of May 14, 1932, referred to *supra.* Upon this hearing, the officers agreed in open court, that the names of relators would be placed upon the fire department pay roll as regularly employed fireman, and that the pay roll for each relator would be approved by the board of public safety and certified by the city controller for payment. All of which was done. It appears that the city controller refused to issue warrants of the city of Muncie in payment of said relators salaries although many times so requested to do.

This action in mandate is brought in the name of the State of Indiana on relation of the several relators against appellants to compel appellants to pay the said relators the amount of money due them for their services as members of the fire department of the city of Muncie, Indiana.

The complaint herein is in two paragraphs. Appellants filed a demurrer to each paragraph of complaint for insufficient facts. The memorandum attached thereto setting forth the alleged defects in the complaint are in substance; that the complaint is based upon a judgment against the board of public safety of the city

of Muncie and the members thereof, and not against the city itself. That the city of Muncie was not a party to said suit and therefore not bound by the judgment. The court overruled the demurrer and appellant city excepted. Thereafter the venue of said case was changed to the Madison Circuit Court and upon proper application Cleon Wade Mount of Tipton, Indiana, was appointed special judge to try said cause. Some seven paragraphs of answers were filed to the complaint herein and replies filed thereto. The result of the trial was that judgment for appellees was rendered requiring the issuance of warrants of said city in payment of all salaries due each of the relators to the 16th of December, 1935, all in the amount of $80,019.23, and ordering payment by the treasurer of said city of Muncie, out of any funds available, and also requiring the proper officials of said city to levy and collect a tax to provide funds with which to pay said warrants. The judgment further ordered the board of public safety to continue to certify and approve the said payroll; that said controller continue to issue warrants of said city in payment thereof, and that the council of said city and the mayor thereof levy and continue to levy taxes to procure funds for the payment of said salaries and to appropriate a sufficient amount thereof to the payment of said salaries of relators in accordance to the requirements of the judgment of the Delaware Superior Court, so long as said relators are legally and regularly employed by said city as members of the fire department, and until said relators have been legally dismissed, etc. At the time this judgment was rendered the court at the request of appellants noted on the court minutes, "the filing of a motion for a new trial." It appears that the motion for a new trial was not prepared and was not in fact filed at the time the court made the notation on the docket, and no written motion for a new trial was ever tendered or of-

fered for filing within the time allowed for filing a written motion for a new trial. After fifty days had elapsed from the date of the rendition of the judgment herein appellees filed a petition and motion setting up the fact that no motion for a new trial had ever been filed by appellants and objected to the filing by appellants of a motion for a new trial. Appellants then tendered and offered to file a written motion for a new trial, and the court heard evidence on the question and refused to permit appellants to file their motion for a new trial as the time for filing such a motion had elapsed. Appellants excepted to the court's ruling and by bills of exceptions Nos. 1 and 2, brings the record of such proceeding before this court.

Appellants assign as errors, the overruling of the demurrer to the first and second paragraph of complaint, and also the action of the trial court in refusing to permit the filing of the motion for a new trial.

We will discuss the question as to whether the court erred in refusing the filing of appellants' motion for a new trial. It appears from the record that the special judge who tried the case lived in Tipton, Indiana, and after the evidence had been concluded he took the case under advisement, and later notified appellants' attorneys by letter that he had determined to find for appellees, and that he would be in the Madison Circuit Court on a certain date to enter judgment accordingly, and that they should prepare their motion for a new trial and have the same ready to file on that date, if they desired to file such a motion. That the trial judge so wrote the attorneys for appellants in order to avoid a return trip to Anderson, for the sole purpose of receiving the motion for a new trial. That the trial judge did go to Anderson and assumed the bench of the Madison Circuit Court for the purpose of rendering judgment in this case, and did render judg-

ment in favor of appellee. That appellant did not have the motion for a new trial prepared at that time, and orally requested the court to note the filing of a motion for a new trial, which the court did. The record shows that appellant did not prepare and tender, or offered to file a written motion for a new trial until long after the time allowed by statute for filing such a motion. That the court heard all the evidence on appellee's petition to correct the record and to deny appellant the right to file a motion for a new trial, and to refuse the filing of such a motion, and after the hearing the court expunged the entry showing the filing of a motion for a new trial and refused to permit appellants to file their written motion for a new trial. We think the court acted properly. The time within which a motion to file a motion for a new trial is fixed by statute, §2-2403 Burns Ind. St. 1933, §370 Baldwin's 1934, and reads as follows:

"The application for a new trial may be made at any time within thirty (30) days from the time when the verdict or decision is rendered: Provided, That if the term of court at which the verdict or decision is rendered is adjourned before the expiration of thirty (30) days from the time when the verdict or decision is rendered, then the motion for a new trial may be filed in the clerk's office of said court within thirty (30) days from the time of the rendition of such verdict or decision, and not afterwards: Provided, further, That when any such motion for a new trial is filed in the office of the clerk of such court after the term of court at which the verdict or decision is rendered shall have been adjourned, the clerk of the court shall make a minute of the filing of such motion on the enrty docket, showing the date of such filing, and affixing his initials thereto, and he shall likewise make a vacation order-book entry showing such filing and the date thereof."

The motion for a new trial was not filed within 30 days after the rendition and entering of the judgment in

this case, and no legal excuse was offered for not complying with the terms of the above statute. It has been held that this section of the statute is mandatory and motions for a new trial must be filed within the time fixed by statute. *Chicago I. & L. R. Co.* v. *City of Bloomington* (1914), 182 Ind. 236, 105 N. E. 561; *Talbot* v. *Meyer* (1915), 183 Ind. 585, 109 N. E. 841, and it has also been held that motion for a new trial filed more than thirty days after rendition of verdict cannot be considered. *Hedekin Land, etc. Co.* v. *Campbell* (1916), 184 Ind. 643, 112 N. E. 97; *Horn* v. *Willard* (1929), 89 Ind. App. 506, 164 N. E. 116, and if an assignment of error is predicated upon the overruling of the motion for a new trial that was not filed within the time prescribed by statute no question is presented by such an assignment. *Paxton-Echman Chem. Co.* v. *Mundell* (1916), 62 Ind. App. 45, 112 N. E. 546. Even though the trial court had permitted appellants to file their motion for a new trial when it was offered and tendered for filing, and the court had overruled it, no question could have been predicated upon such ruling. There was no error in the action of the trial court in refusing appellants the right to file his tendered motion for a new trial and in expunging his record so that it might speak the truth.

This brings us to the question presented by appellant's demurrer to appellee's complaint. The complaint was in two paragraphs, and owing to their extreme length an epitome of the first paragraph will be made.

The defendants consist of the city of Muncie, the mayor, the city controller, the city treasurer and the members of the city council as such members and as individuals; that the relators are citizens and taxpayers of the city of Muncie and were on January 20, 1930, and for a long time prior thereto firemen and members of the fire department of said city. The complaint by proper allegations sets out the various city departments

maintained by the city government and the membership of the board of public safety, etc. The complaint alleged that on May 14, 1932, the relators obtained judgment in the Superior Court of Delaware County, wherein it was adjudicated, that their pretended dismissal as firemen and as members of the fire department of said city was illegal and void, and that they had never been legally dismissed or suspended as such, and that they should be reinstated by the board of public safety, and by said judgment the board of public safety was ordered to reinstate said relators and place their names upon the roll of members of the city fire department and ordered the board of public safety to certify the pay roll of relators to the city controller. The judgment by its terms found the amount of salary per month to which each relator was entitled and also the amount due and unpaid to each relator from January 20, 1930, to November 15, 1931. The judgment so recovered and which is still in full force and effect, is set out in full in the complaint. The complaint further shows that the proper officers of said city, after said judgment was rendered and after an attempted appeal to this court had been dismissed, complied with said judgment in that the said officers made out the pay roll, including relators, showing that said relators were members of said city fire department, and approved and certified said pay roll to the city controller, but that the city controller refused to issue warrants to the relators in payment of their said salaries. Said judgment further provided as follows:

"And said defendants are ordered and mandated to make and cause pay rolls including the names of each of said relators and the salary of his respective office as above set out as said salaries shall become due semi-monthly from and after November 15th, 1931, and to file and cause such pay rolls to be duly filed with the city clerk of the city of Muncie, In-

diana, and said defendants are further ordered and mandated to duly and promptly allow and approve such pay rolls and certify the same to the city controller of the city of Muncie, Indiana, for payment as said salaries shall become due and payable. And that said defendants are ordered and mandated to include the names and salaries of each of said relators in each pay roll after November 15th, 1931, and approve and allow said salaries of each of said relators, as said respective salaries shall become due to each of said relators from and after November 15th, 1931, until such time as said relator shall have been legally suspended without pay, legally reduced in rank, legally removed or legally dismissed for cause, or until his term of office or right to such salary shall have otherwise legally terminated."

The complaint shows that the city of Muncie, George R. Dale, as mayor of said city, and Lester E. Hollaway as controller, were not named as defendants in the action wherein the above judgment was rendered, but that they were in fact parties thereto by participation, and became bound thereby.

The contention of appellants, as we gather from their brief, is based upon the proposition that the present action is to enforce the judgment obtained in the Delaware Superior Court, and inasmuch as the city of Muncie was not a party to said judgment it was not bound thereby. This action is not an action based upon the judgment of the Delaware Superior Court. That action was not to recover damages, but was an action in mandate, to have the court declare their pretended dismissal illegal, null, and void, and to mandate the board of public safety to reinstate said relators. This the Delaware Superior Court did. The court did make a mathematical calculation as to the total amount due each relator and set out said amount opposite the name of each relator. The effect of said judgment was to place each relator in the same position as he would have been, had the board of public safety taken no

action at all. So relators are in the position of being regularly employed members of the fire department of the city of Muncie, and have been at all times since January 20, 1930. The pay roll has been regularly made out, approved and certified to by the board of public safety, and filed by them with the controller, who without excuse refuses to make out a warrant in payment of the relators' salary. The complaint so alleges, and further shows that appropriations for the payment of the same were made and that there are funds sufficient to pay the same available for that purpose. All of these facts are admitted by the demurrer. As stated above, the only objection urged to the complaint is on the ground that the city of Muncie was not a party to the suit and judgment filed and obtained in the Delaware Superior Court on May 14, 1932. Whether or not it was necessary to make the city of Muncie a party to said action is not necessary for us to decide. It is sufficient to say that the complaint herein does allege sufficient facts to withstand a demurrer that the city of Muncie was a party to said action by participation, and to such an extent as to be bound by the judgment rendered by the Delaware Superior Court. *Millikan* v. *City of Lafayette* (1888), 118 Ind. 323, 20 N. E. 847, and cases there cited.

There was no error in overruling appellants' demurrer to appellees' first and second paragraphs of complaint.

Judgment affirmed.