ISLEY *v.* ISLEY

[No. 17,294. Filed September 29, 1944.]

Ralph Adams and Emerson J. Brunner, both of Shelbyville, for appellant.

James McLemore and Amon Abbett, both of Indianapolis, for appellee.

ROYSE, J.—This is an action for the specific performance of a contract for the conveyance of certain real estate in Shelby County. The complaint is in two paragraphs. The defendant answered each paragraph of the complaint. The cause was submitted to a jury and on November 10, 1943, the jury returned its verdict in favor of appellee on his second paragraph of complaint. On November 19, 1943, the appellee moved the court to permit him to amend his second paragraph of com-

plaint by interlineation to amend the description of the real estate involved in order that said description would comply with the proof in this case. The court, on February 15, 1944, sustained this motion and on the same day entered its judgment upon the verdict of the jury. On March 13, 1944, appellant herein filed his motion for a new trial of said cause in the Shelby Circuit Court. On the 19th day of April, 1944, said court overruled the motion for a new trial and granted the prayer of appellant for an appeal to this court. The assignment of errors and transcript of the record were filed in this court on the 17th day of July, 1944, and appellant's briefs were filed on the 12th day of August, 1944.

Appellee filed his motion to dismiss this appeal. Five specifications are set out in this motion. However, in view of the conclusion we have reached, it is only necessary to consider two of these specifications.

The first error alleged in the assignment of errors here is that the trial court erred in overruling the motion for a new trial. Appellee asserts that the motion for a new trial was filed too late, in that it was filed more than 30 days after the verdict of the jury. In this contention appellee is correct. A motion for a new trial filed more than 30 days after the verdict cannot be considered. *Scott, Receiver,* v. *Amsler et al.* (1938), 105 Ind. App. 131, 13 N. E. (2d) 890; *State ex rel. Mechanics' & Traders' Insurance Company* v. *Buente, Judge* (1936), 102 Ind. App. 563, 1 N. E. (2d) 454; *Brehm* v. *Hennings* (1919), 70 Ind. App. 625, 123 N. E. 821; *Lake Erie & Western Railroad Company* v. *McConkey* (1916), 62 Ind. App. 447, 113 N. E. 24.

The case of *Habbe* v. *Veile* (1897), 148 Ind. 116, 45 N. E. 783, 47 N. E. 1, relied on by appellant is clearly

distinguishable from the facts in the instant case. ▊ In that case the record did not disclose when the motion for a new trial was filed. Nor does the case of *Lowrance* v. *Lowrance et al.* (1932), 95 Ind. App. 345, 182 N. E. 273, have any application to the facts herein. There the issues on only two of the four paragraphs of complaint were submitted to the jury. The issues on the other two were tried to the court. In the case here under consideration the issues formed by both paragraphs of complaint were submitted to the jury which, by its verdict, found for appellee on his second paragraph. This is equivalent to a finding against appellee on the first paragraph of complaint. *The Pennsylvania Company* v. *Reesor, Administrator* (1916), 60 Ind. App. 636, 108 N. E. 983; *Central Union Telephone Company* v. *Fehring* (1896), 146 Ind. 189, 45 N. E. 64. The court did not and could not make a finding in this case. All it did or could do was to render judgment on the verdict of the jury.

Appellee, in his motion to dismiss, further contends that the assignment of errors and the transcript were not filed in this court in the time prescribed by the ▊▊ rules of our Supreme Court. Rule 2-2, Rules of the Supreme Court of Indiana (1943 Rev.) provides in part as follows:

"In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the Clerk of the Supreme Court within 90 days from the date of the judgment or the ruling on the motion for a new trial, unless the statute under which the appeal or review is taken fixes a shorter time; in which latter event the statute shall control."

The record discloses judgment was rendered on February 15, 1944. The assignment of errors and transcript of the record were not filed in this court until

the 17th day of July, 1944. The ruling of the trial court on a motion for a new trial, which was filed after the time provided by statute for filing such motion, may not be used to extend the time for filing the assignment of errors, etc., in this court.

For the reasons herein set out, this appeal must be dismissed.

NOTE.—Reported in 56 N. E. (2d) 513.