LLOYD'S MOTOR SALES OF EVANSVILLE, INC.
*v.* OHNING ETC.

[No. 19,653. Filed November 9, 1961. Rehearing denied December 15, 1961. Transfer denied March 29, 1962.]

*Joseph B. Minor,* and *James Y. Wood,* both of Evansville, for appellant.

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

PFAFF, C. J.—This is an action brought by appellant against appellee for damages to one used automobile and eleven new automobiles. These automobiles were purportedly owned by the appellant. The damage to the automobiles is alleged to have been caused by the heat, smoke and soot from a fire which fire the appellant alleges was negligently and carelessly caused by the appellee through his agents and employees.

Answers were filed to the complaint, the issues were joined and trial was by jury. A verdict was returned on November 1, 1960, for appellee on each paragraph of appellant's amended complaint and judgment rendered thereon November 5, 1960. On December 2, 1960, the appellant filed its motion for a new trial.

The appellee on the 5th day of December, 1960, filed his motion to strike the appellant's motion for a new trial and to expunge the entry of December 2, 1960, which showed the filing of the motion for a new trial. This was based upon the fact that appellant had filed its motion a day late and not in compliance with §2-2403, Burns' 1946 Replacement. Then on December 9, 1960, appellant filed a petition to file a motion for a new trial. The trial court, on March 8, 1961, sustained appellant's petition to file motion for a new trial, overruled appellee's motion to strike motion for a new trial and overruled appellant's motion for a new trial.

The appellant in the prosecution of this appeal assigns two errors: (a) That the court erred in overruling appellant's motion for a new trial; and (b) that the court erred in sustaining the appellee's demurrer to parts of Paragraph II of appellant's second amended complaint.

The appellee filed a motion to dismiss the appeal. As to the first error assigned by appellant, appellee asserts that the motion for a new trial was filed too late, in that it was filed more than 30 days after the verdict of the jury. We must conclude that the appellee is correct in his contention. Sec. 2-2403, *supra*, provides in part as follows:

> "The application for a new trial may be made at any time within thirty (30) days from the time when the verdict or decision is rendered."

Our courts have consistently held that this statute is mandatory and that motions for a new trial must be filed within the time fixed by statute. *Southern Pacific Company* v. *Mitnik* (1944), 115 Ind. App. 464, 58 N. E. 2d 201; *Isley* v. *Isley* (1944), 115 Ind. App. 69, 56 N. E. 2d 513; *City of*

*Muncie* v. *State ex rel. Walling* (1937), 212 Ind. 70, 6 N. E. 2d 932.

The record in the case before us shows affirmatively that the motion for a new trial was not filed until 31 days after the rendition of the jury's verdict, and in view of the above authorities, overruling of the motion for a new trial presents no question.

However, the basic reason for dismissing this appeal is due to the fact that appellant did not comply with Rule 2-2 of the Supreme Court, which requires the transcript and assignment of errors to be filed within ninety days from the entry of the judgment or the ruling on the motion for a new trial. The record on its face shows that judgment was entered November 5, 1960. The transcript and assignment of errors were filed on June 6, 1961. There were no petitions for extension of time within which to file the same. Thus, this court is without jurisdiction to consider this appeal and can only dismiss it.

Apparently, appellant figured his time as beginning on the date of March 8, 1961, when the trial court purported to overrule the motion for a new trial. The action of the court therein was a nullity, due to the fact that the motion was filed too late and at that time the court had no jurisdiction or authority to consider the motion.

Appeal dismissed.

Ax, Bierly, Cooper, Gonas, Kelley, Myers, JJ., and Ryan, P. J., concur.

NOTE.—Reported in 177 N. E. 2d 922.