ALBERT *v.* CHERRY GROVE NURSING HOME, INC., ET AL.

[No. 19,865. Filed December 3, 1962. Rehearing denied January 7, 1963. Transfer denied March 26, 1963.]

*Tourkow, Dennis & Danehy,* of Fort Wayne, for appellant.

*David Peters* and *Peters & Peebles,* of Fort Wayne, for appellees.

COOPER, C. J.—This appeal comes to us from the Superior Court of Allen County, Indiana. The assigned error is that the court erred in overruling appellant's motion for a new trial. The matter is now before us on the appellee's motion to dismiss or affirm upon the theory that the plaintiff, appellant herein, did not file his motion for a new trial within the thirty-day period after the decision was rendered by the trial court, as required by the statute.

It appears from the record now before us that Darris Albert filed an action against Cherry Grove Nursing Home, Inc., et al., appellees herein. Cause was sbumitted to the court for trial on the 4th day of May, 1961, without the intervention of a jury, and it appears that at the conclusion of the plaintiff's testimony, the defendant moved for a finding for the defendant, and, upon said motion, the trial court continued a ruling on the same until the next day, May 5, 1961, at 1:30 p.m.

Thereafter, the record reveals that plaintiff filed a motion to re-open said cause in order to introduce more evidence, both of the foregoing motions being in writing.

It also affirmatively appears that on the 5th day of May, 1961, the trial Judge sustained the defendant's motion for a finding for the defendant and entered the following judgment:

"It is, therefore, ordered, adjudged and decreed by the Court that the said plaintiff take nothing by his complaint."

On the 16th day of June, 1961, the trial court heard arguments on the motion to re-open and thereupon overruled said motion to re-open.

The record herein reveals that on the 14th day of July, 1961, the appellant herein filed his motion for a new trial with the trial court, which was overruled.

The apparent late filing of the motion can no doubt be attributed to the appellant's theory that his thirty-day limitation period for the filing of the motion started to run on the date of the overruling of his motion to re-open; however, we are compelled to agree with the contention of the appellees that the time for filing the motion for a new trial started to run on the date, or time when the decision was rendered.

In reviewing the pertinent part of the applicable statute, we find that §2-2403, Burns', provides:

"The application for a new trial may be made at any time within thirty (30) days from the time when the verdict or decision is rendered . . . ."

Both the Supreme Court of Indiana and our Court have, in many cases, held that the foregoing statute

is mandatory and motions for new trial must be filed within the time fixed by statute. See, *City of Muncie et al.* v. *State ex rel. Walling* (1937), 212 Ind. 70, 76, 6 N. E. 2d 932; *Chicago, etc., R. Co.* v. *City of Bloomington* (1914), 182 Ind. 236, 105 N. E. 561; *Talbot* v. *Meyer* (1915), 183 Ind. 585, 109 N. E. 841; *Lloyd's Motor Sales of Evansville, Inc.* v. *Ohning* (1961), 133 Ind. App. 228, 177 N. E. 2d 922; *Leeper* v. *Wilson, Special Administrator etc.* (1960), 130 Ind. App. 326, 163 N. E. 2d 254; *Southern Pacific Company* v. *Mitnik* (1944) (T. D. 1945), 115 Ind. App. 464, 58 N. E. 2d 201; *Isley* v. *Isley* (1944), 115 Ind. App. 69, 56 N. E. 2d 513.

The general rule being that where a motion for a new trial is not timely filed and error is assigned on appeal in the overruling of the motion, such late filing does not prevent the appellate tribunal from acquiring jurisdiction of the appeal. The rule is where the only assignment of error before us is the overruling of the motion for a new trial and that motion was filed too late, no valid question is presented to us for our consideration on appeal, and the judgment below will be affirmed. See *Hunt* v. *York* (1952), 123 Ind. App. 150, 108 N. E. 2d 903. Therefore, the judgment of the trial court is affirmed.

NOTE.—Reported in 186 N. E. 2d 437.