MATTHEW ET UX. *v.* GAVIT, ADMINISTRATOR DE BONIS NON OF THE ESTATE OF HENRI LOUIS BOURDIN.

[No. 20,404. Filed March 2, 1966.]

*Thomas A. Hoadley* and *Frederick J. Graf,* of Bloomington, for appellant.

Albert M. Gavit, of Indianapolis, and Fred N. Gregory, of Bloomington, for appellee.

SMITH, P. J.—This case is pending before this Court at this time on "Appellee's Motion to Dismiss or Affirm." The following is the nature of this action.

More than seven years after a judgment foreclosing two real estate mortgages was entered by the Monroe Circuit Court, the appellant, one of the defendants in the foreclosure action, filed a motion with the Monroe Circuit Court requesting permission to file a "Belated Motion for a New Trial."

The question which the appellant seeks to have reviewed by this Court is whether the Monroe Circuit Court erred in striking the appellant's motion. A brief summary of the proceedings, including the proceedings in the action to foreclose, is set out below.

On November 17, 1954, the appellee filed an action in the Monroe Circuit Court to foreclose two mortgages on real estate located in Monroe County, Indiana. The appellant, one of the two owners of the real estate, was a defendant in the action. The case was tried before the Monroe Circuit Court, without intervention of a jury, on May 19, 1958. The appellant was present in person at the trial and was represented at the trial by her attorney. At the conclusion of the evidence, a judgment of foreclosure was entered in favor of the plaintiff (appellee herein). Thereafter on June 11, 1958, the defendant Alverta White Matthew, appellant herein, filed a timely motion for a new trial. Both the appellant and her counsel were present at the argument on that motion. The motion for a new trial was overruled on June 23, 1958. There was no appeal from this ruling.

On March 15, 1965, the appellant filed with the trial court an unverified motion for permission to file a "Belated (and second) Motion For a New Trial." On March 25, 1965, a verified second paragraph of appellant's motion for permis-

sion to file a "Belated Motion For a New Trial" was filed by the appellant. The appellee, on April 1, 1965, filed a motion to strike the appellant's motion and this motion was sustained by the trial court on April 2, 1965.

The only errors assigned by the appellant on appeal are as follows:

"1. The court erred in sustaining appellee's motion to strike the first and second paragraphs of the appellant's motion for permission to file a belated motion for a new trial.

"2. The court erred in striking appellant's motion in two paragraphs for permission to file a belated motion for a new trial."

The appellee questions the "argument" section of appellant's brief contending that the same does not meet the requirements of Rule 2-17 of the Supreme Court of Indiana. The main contention being that the appellant in her brief does not concisely state the basis of her objections, exhibiting clearly the points of fact and law being presented.

Rule 2-17 of the Supreme Court of Indiana provides, in pertinent part, as follows:

"After each assignment of error relied upon . . . there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable. . . ."

From an examination of the "argument" portion of the brief it appears that the appellant has failed to comply with the above quoted rule. In the case of *Justice* v. *Tripp* (1959), 130 Ind. App. 187, 158 N. E. (2d) 809, interpreting Rule 2-17 (e) our Court held that "appellant failed completely to comply with the aforesaid Rule 2-17 (e) in that he failed in 'exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing authorities and statutes relied upon.' . . . Mere proposition

of law is quoted and citations given. The appellant has altogether failed to apply the cases cited to the facts of the instant case and the application thereof."

However, because this Court is reluctant to decide cases on technicalities, this opinion will now deal with the errors assigned by appellant Averta White Matthew in her brief.

The appellant asserts that she was prevented from introducing evidence which would have been a "sound" defense to the foreclosure action, without attempting to state or indicate the nature of that evidence, which assertion was followed by her conclusion that her constitutional rights had been violated and that she is therefore entitled to file a second or belated motion for a new trial. It appears that the appellant is not arguing the question raised by her assignment of errors, i.e., whether the trial court erred in striking her motion for permission to file a late motion for a new trial. She appears to be arguing the question whether she is entitled to a new trial, without having filed a second motion for a new trial and without representing to the trial court or to this Court what the actual contentions of her suggested motion for a new trial will be.

The appellant also argues, in the alternative, that her motion was a petition for a writ of error coram nobis or a complaint for equitable relief.

The main argument advanced by the appellant to support her contention that she may file a late motion for a new trial is that her constitutional rights were violated. However, she does not cite a single authority which even suggests that in the present case there was a denial of due process. Assuming, without deciding, that the appellant is correct in her contention, she may not at this late hour file the motion that she seeks. Our courts have uniformly held many times that a trial court is without jurisdiction to entertain a motion for a new trial after the statutory time for filing the motion has expired. See, *Lloyd's Motor*

*Sales of Evansville, Inc.* v. *Ohning* (1961), 133 Ind. App. 228, 177 N. E. (2d) 922. Our Court in this case held:

"Sec. 2-2403 [Burns Indiana Statutes] provides in part as follows: 'The application for a new trial may be made at any time within thirty days from the time when the verdict or decision is rendered.' Our courts have consistently held that this statute is mandatory and that motions for a new trial must be filed within the time affixed by statute." (Citing authorities); and *Smith* v. *First Nat'l. Bank of Hartford City* (1937), 104 Ind. App. 299, 11 N. E. (2d) 58.

In the *Smith* case a motion for a new trial was timely filed. Later, more than thirty days after the decision was rendered, an amended motion for a new trial was filed. The amended motion repeated the grounds assigned in the original motion and added, as an additional ground, newly discovered evidence. It was held, on appeal from the trial court's action in overruling the amended motion, that no question was presented for review. Our Court spoke as follows:

"There is no provision in our statutes for the filing of an amended or supplemental motion for new trial after the time for the filing of a motion for a new trial has expired (Acts 1881, Sp. Sess. c. 38, p. 240, §§ 420-424, as amended Acts 1909, c. 165, § 1, p. 400, Acts 1911, c. 239, § 1, p. 604, Acts 1913, c. 320, § 1, p. 848, Acts 1919, c. 14, § 1, p. 42, being section 2-2401 to section 2-2405, Burns' 1933, inclusive, section 368 to section 372, inclusive, Baldwin's 1934), *therefore such amended or supplemental motion is unauthorized and should be treated as never having been filed and no question is presented for consideration on any alleged error predicated upon the action of the court in overruling such motion.*" (Emphasis supplied)

In the *Lloyd's* case our Court stated that the courts of our state have consistently held that the statute providing for the filing of a motion for a new trial within thirty days from the time a decision is rendered is mandatory. In this case the appellant assigned as error the overruling of a motion for a new trial which had not been filed within the thirty day period. It was held that because the motion

was a late-filed motion the trial court had no jurisdiction to consider the motion; and that the action of the trial court in overruling the motion was, therefore, a nullity; and that the appeal should be dismissed because there was no question to be reviewed on appeal.

The appellant cites the case of *Attkisson* v. *Usrey* (1946), 224 Ind. 155, 65 N. E. (2d) 489 to support her contention that she was permitted to file a late motion for a new trial because a constitutional question was involved. Without going into an exhaustive review of this case, it is our opinion that this case does not support her theory. There is not even a suggestion in the opinion in the *Attkisson* case that a motion for a new trial was filed more than thirty days after the decision was rendered. The court said only that the appellant was "entitled to a *fair* opportunity . . . to defend . . ." The appellant in the present case had a fair opportunity to defend and did so with an attorney of her own choosing; and the due process requirements of the Fourteenth Amendment were fully and adequately satisfied. The constitutional question raised by the appellant is further answered in the case of *Kennedy* v. *Kennedy* (1961), 241 Ind. 633, 173 N. E. (2d) 56, in which our Supreme Court held that constitutional questions, as well as other questions, must be presented seasonably to the trial court. In the *Kennedy* case the appellant first presented constitutional questions to the trial court in a motion for a new trial filed more than six months after the decision of the court. It was held that no question was presented for review.

It is our opinion that if a trial court has no jurisdiction to rule upon either an original or amended motion for a new trial filed after the thirty day period, it necessarily follows that it lacks jurisdiction to entertain and rule upon a motion for permission to file a belated motion for a new trial. Under the authority cited in this opinion, the unauthorized motion of the appellant should be treated as never having been filed; and that the action of the lower

court in striking the motion presents no question for review and the appeal should be dismissed.

The appellant also contends that her motion for permission to file a "belated motion for a new trial" can be considered as a "writ of error coram nobis." We find nothing in the record of this case that sustains her contention; and, as we view it, there is no merit in her contention.

Neither do we find any merit in the appellant's position that she stated a cause for equitable relief. At the conclusion of her argument, the appellant states that the striking of her motion is contrary to the principles of equity. She contends that where basic constitutional rights are involved, our rules of procedure may be disregarded if justice can be done in no other way. The answer to this contention is that no constitutional rights have been violated in the present case and that justice has been done.

It is our opinion that the appellant has had her day in court. She was present in person at the trial of this case, and she was represented at the trial by counsel. She filed a timely motion for a new trial and was present in person and represented by counsel at the hearing on that motion. No appeal was taken from the overruling of the motion. She cannot now, seven years later, seek to re-open a matter settled so long ago by filing a second motion for a new trial. Her claim that her motion was in substance a petition for writ of error coram nobis or complaint for equitable relief is a groundless claim.

Appeal dismissed.

Prime, C. J., Bierly, Carson, Faulconer, Hunter and Wickens, JJ., concur. Mote, J., concurs in result only.

NOTE.—Reported in 214 N. E. 2d 404.