SMITH ET UX. *v.* SPITZNOGLE ET UX.

[No. 567A9. Filed April 30, 1968. No petition for rehearing filed.]

*Peter L. Obremskey,* of Lebanon, and *Parr, Richey, Obremskey & Pederson,* of Lebanon, of counsel, for appellants.

*Wendell B. Iddings,* of Lebanon, for appellees.

PRIME, J.—This appeal is from the Boone Circuit Court. The error assigned is that the court erred in overruling appellants' motion for a new trial.

The appellees have previously filed a motion to dismiss this action which motion has been held in abeyance. We now proceed to dispose of this motion.

The grounds of the motion to dismiss are: (1) The motion for a new trial was filed more than thirty days after the decision was rendered by the trial court and, (2) that a memorandum-affidavit of one of the appellants purporting to support the Motion for a New Trial, was filed thirty-seven days after the motion for a new trial was filed.

A careful perusal of the record shows that the appellee is correct on both allegations.

The judgment in this case was entered on December 8, 1966. The motion for a new trial was filed on January 11, 1967. The affidavit and memorandum was filed on February 16, 1967. Motions for a new trial must be filed within the time provided for by statute and the rules of our Supreme Court. The statute provides:

> "The application for a new trial may be made at any time within thirty [30] days from the time when the verdict or decision is rendered: Provided, That if the term of court at which the verdict or decision is rendered is adjourned before the expiration of thirty [30] days from the time when the verdict or decision is rendered, then the motion for a new trial may be filed in the clerk's office of said court within thirty [30] days from the time of the rendition of such verdict or decision, and not afterwards: Provided, further, That when any such motion for a new trial is filed in the office of the clerk of such court after the term of court at which the verdict or decision is rendered shall have been adjourned, the clerk of the court shall make a minute of the filing of such motion on the entry docket, showing the date of such filing, and affixing his initials thereto, and he shall likewise make a vacation order-book entry showing such filing and the date thereof." Burns' Indiana Statutes Anno. Sec. 2-2403, Motion for New Trial, p. 209. See also: Rules of the Supreme Court of Indiana, 1967 Ed.

The Supreme Court and this Court have held that the above statute is mandatory.

*Albert* v. *Cherry Grove, etc.* (1962), 134 Ind. App. 401, 186 N. E. 2d 437, and many cases cited therein.

The only assignment of error before the court here is the overruling of the motion for a new trial which motion was filed beyond the period allowed by statute.

This appeal is therefore dismissed.

Appeal dismissed.

Carson, C. J., Cooper and Faulconer, JJ., concur.

Note.—Reported in 236 N. E. 2d 184.