MARY STRATE *v.* ALBERT STRATE.

[No. 670A98. Filed May 26, 1971. Rehearing denied July 13, 1971. Transfer denied October 4, 1971.]

*Thomas W. Munger,* of Lafayette, for appellant.

*James W. Bradford,* of Indianapolis, *William C. Burns,* of counsel, of Lafayette, for appellee.

### ON APPELLEE'S MOTION TO DISMISS

PER CURIAM.—This matter is before us on the appellee's Motion to Dismiss.

It appears from the record that this was a cause of action for divorce. After trial, the trial court found for the plaintiff-appellant and entered judgment on August 13, 1969. Thereafter, on November 10, 1969, the plaintiff filed a Petition To Vacate and Modify and Set Aside Part of Judgment. At no time in this interval did the plaintiff file a motion for new trial.

Appellee's Motion to Dismiss alleges as cause therefor that the filing of a motion for new trial within thirty days from the court's decision was a condition precedent to appeal, and that since the transcript and record of this cause were not filed with the Clerk of the Supreme and Appellate Courts within ninety days from the date of judgment, that this Court does not have jurisdiction of this appeal.

Concerning the first specification of appellee's motion, that the timely filing of a motion for new trial was a condition precedent to appeal, we must bear in mind the judgment herein was entered in August of 1969, before the adoption of the current rules of procedure. While it is not accurate to say that a motion for new trial was a condition precedent to appeal, certain errors were required, by statute and rule, to be presented by a motion for new trial. Any such errors which occurred up to the time of the filing of the motion for new trial and which were not included in the motion were waived.

In August of 1969, both Supreme Court Rule 1-14 and the statute pertaining to motions for new trial (Burns' Ind. Stat. Anno. § 2-2403) required the motion for new trial to be filed within thirty days from the date of the verdict or decision. The timely filing of the motion for new trial was held to be jurisdictional, and when the motion was not filed within the time allowed, no question concerning its overruling could be presented on appeal. *Matthew* v. *Gavit* (1966), 138 Ind. App. 425, 214 N. E. 2d 404; *Sutton* v. *State* (1960), 240 Ind. 512, 166 N. E. 2d 651.

Instead of filing a motion for new trial, plaintiff filed her

Petition to Vacate and Modify and Set Aside Part of Judgment. In response to the motion to dismiss, plaintiff-appellant argues that a trial court retains jurisdiction over its judgments for a period of time within which the court may modify, vacate, or completely change its judgment. That is true, of course. However, that fact does not nullify the requirement of the timely filing of a motion for new trial. Appellant cites the case of *Holmes* v. *Holmes* (1969), 145 Ind. App. 52, 248 N. E. 2d 564, in support of her argument. The *Holmes* case, however, is distinguishable in that the jurisdictional question was not presented to the Court, nor was it apparent from the face of the record. It has long been held that the time for appeal is not extended by motions to modify judgment, motions to vacate or set aside judgment, motions to re-open judgment or motions to reconsider. *Sacks* v. *Winkler* (1967), 141 Ind. App. 13, 226 N. E. 2d 172; *Dawson* v. *Wright* (1955), 234 Ind. 626, 129 N. E. 2d 796; *Andrews* v. *City of Richmond* (1960), 131 Ind. App. 382, 170 N. E. 2d 826; *Herald* v. *Marion County Plan Commission* (1956), 127 Ind. App. 1, 135 N. E. 2d 526; *Zimmerman* v. *Zumpfe* (1941), 218 Ind. 476, 33 N. E. 2d 102.

Our Courts consistently held that the statute requiring motions for a new trial to be filed within thirty days after the verdict or decision, was mandatory and that motions for new trial must be filed within the time fixed by statute in order to raise any issues on appeal. *Lloyd's Motor Sales of Evansville, Inc.*, v. *Ohning, etc.* (1961), 133 Ind. App. 228, 117 N. E. 2d 922; *Southern Pacific Company* v. *Mitnik* (1944), 115 Ind. App. 464, 58 N. E. 2d 201; *Isley* v. *Isley* (1944), 115 Ind. App. 69, 56 N. E. 2d 513.

We now turn to the second specification of the appellee's motion to dismiss, that the transcript and record were not timely filed. The record shows on its face that judgment was entered on August 13, 1969. The transcript was not filed in this cause until October 30, 1970. There was no petition for an extension of time within which to file

the transcript filed during the original ninety days immediately following the judgment. Thus, the transcript was not timely filed and this Court is without jurisdiction to consider this appeal and can only dismiss it.

The appellee's Motion to Dismiss is sustained, and this cause is dismissed.

White, J., dissents with opinion, in which Sharp, J., concurs.

### DISSENTING OPINION

WHITE, J.—If this appeal is from the judgment rendered on August 13, 1969, it is too late and must be dismissed. The transcript was filed October 30, 1970, more than ninety days after the rendition of that judgment. Since no motion for new trial was timely filed (i.e., within ninety days of the date of judgment) and no request for additional time was made to this court, the time for taking the appeal was not extended. Old Rule 2-2; *Carper* v. *Peter & Burghard Stone Co.* (1937), 104 Ind. App. 191, 8 N. E. 2d 1020.

If appellee's motion to dismiss this appeal had shown us that the "petition" filed by appellant eighty-nine days after the rendition of the divorce judgment was nothing more than a belated and mis-named motion for new trial, then it would have shown that we are without jurisdiction of the appeal and the motion to dismiss should be sustained. But neither appellee's motion nor appellee's briefs in support of his motion tell us anything at all about the "petition" filed by appellant. For aught that appears in appellee's motion to dismiss (and in his briefs) that "petition" could have alleged facts *dehors* the record (such as fraud) which, if known to the trial court at the time he rendered judgment would have prevented him from rendering the judgment he did render. The *denial* of motions, petitions, or complaints alleging such facts has often been treated as a second appealable judgment. *Jurdzy* v. *Liptak* (1962), 243 Ind. 1, 6, 180 N. E. 2d 530, 532; *Globe Mining Company* v. *Oak Ridge Coal Company* (1922), 79 Ind. App. 76, 80, 134 N. E. 508; *Miedreich* v. *Lauenstein* (1909),

172 Ind. 140, 142, 86 N. E. 963; *Yocum* v. *Yocum* (Ind. App. 1969), 247 N. E. 2d 532, 17 Ind. Dec. 479; *Holmes* v. *Holmes* (Ind. App. 1969), 248 N. E. 2d 564, 18 Ind. Dec. 91. The statutory and case law in this regard has been codified in our new rules as TR. 60 (B), (C), and (D).

I believe it to be a basic premise of our adversary system that the burden of showing that a motion should be sustained rests on the moving party. Therefore, the motion to dismiss should be overruled for failure to show that the denial of appellant's petition to vacate was not an appealable judgment (under the rationale of the case and statutory law codified in the foregoing rule).

Sharp, J., concurs.

NOTE.—Reported in 269 N. E. 2d 568.