**Dwight G. FRY, Appellant–Defendant,**

v.

**INDIANA DEPARTMENT OF COR-RECTION, et al., Prison Health Services Of Indiana, LLC., et al., Appellees–Plaintiffs.**

No. 52A02–0802–CV–172.

Court of Appeals of Indiana.

Sept. 24, 2008.

Dwight G. Fry, Bunker Hill, IN, pro se.

Stephen R. Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Paul O. Mullin, Roger Kanne, Indianapolis, IN, Attorneys for Appellees.

**OPINION**

HOFFMAN, Senior Judge.

*STATEMENT OF THE CASE*

Plaintiff–Appellant Dwight G. Fry ("Fry") appeals from the trial court's order entering a default judgment in favor of Defendant–Appellee Indiana Department of Correction ("DOC").

We dismiss this appeal.

*ISSUE*

## ISSUE

Although Fry raises an issue for our review, we find the following issue to be dispositive: whether Fry's appeal should be dismissed because he failed to comply with the Indiana Rules of Appellate Procedure.

## FACTS AND PROCEDURAL HISTORY

On May 3, 2007, Fry filed a 42 U.S.C. § 1983 complaint against the DOC and Prison Health Services of Indiana for injuries he allegedly sustained while he was incarcerated. On July 7, 2007, Fry served the DOC with interrogatories, and filed a motion for the issuance of a subpoena on the DOC for logbook entries, witness lists, and copies of records and/or reports about staff providing adequate medical care. The DOC filed a motion to quash the subpoena on the basis that it was unreasonable. The DOC argued that the documents sought by the subpoena could compromise and endanger guards, staff, and visitors among others. The trial court granted the DOC's motion.

The DOC served interrogatories on Fry. Fry returned the interrogatories, claiming that they did not provide adequate space for him to answer, and they did not relate to his claims. Fry served a copy on the trial court, ultimately file stamped July 26, 2007. The DOC re-served Fry with the interrogatories, and wrote to Fry explaining that the interrogatories provided a reasonable amount of space for an answer and that the interrogatories were provided to Fry in diskette form for reformatting, if necessary. The trial court issued an order 1) warning Fry to refrain from further attempts to involve the trial court in the discovery process; and 2) putting Fry on notice that he could be found in contempt or be subject to sanctions for such behavior.

The DOC served Fry with its response to Fry's request for admissions to Charles McCord. In its response, the DOC objected to several of the questions as confusing. Fry served the DOC with a second request for admissions, apparently attempting to correct the confusion noted by the DOC. The DOC responded to Fry's second request for admissions to Charles McCord.

Fry later served the DOC with a letter regarding a discovery issue and served a copy of the letter on the trial court. The trial court's copy was file stamped September 12, 2007. In the letter, Fry expressed his displeasure about DOC re-typing the request for admission and answers rather than serving the request and answers in their original handwritten format.

On October 5, 2007, the DOC filed a motion for a protective order because, as of the date of the DOC's motion, Fry had served ten different sets of discovery on the DOC. Fry replied by filing a motion in opposition to the DOC's motion for a protective order. The trial court granted the DOC's motion and ordered that future discovery by Fry should be limited to three questions. The trial court issued a new order again warning Fry against attempting to engage the trial court in the discovery process. That order warned that the trial court would entertain any proposed sanctions if Fry continued to disregard the discovery rules.

On January 10, 2008, the DOC filed a motion for judgment by default alleging that Fry had further disregarded the discovery rules, thereby unduly burdening the court and the defendants. On January 14, 2008, the trial court granted the DOC's motion for judgment by default.

Fry filed a response to the DOC's motion for judgment by default on January 18, 2008. On January 28, 2008, Fry filed a motion for reconsideration of the trial court's order of judgment, which the trial

court denied on January 29, 2008. Fry filed his notice of appeal on February 14, 2008.

## DISCUSSION AND DECISION

The trial court granted the DOC's motion for judgment by default on January 14, 2008. The order read as follows:

### ORDER FOR JUDGMENT BY DEFAULT AGAINST PLAINTIFF

State Defendant, Indiana Department of Correction, by counsel, having filed its Motion for Sanctions, and the Court being duly advised in the premises, does hereby GRANT said Motion.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Judgment by Default is entered against Plaintiff.

Appellant's Appendix at 102.

■ As the State correctly notes, the order does not make reference to Prison Health Services, the other named defendant in this case. As a result, the order could be construed to be an interlocutory order, as it does not appear to be a final judgment, one that disposes of all the issues as to all of the parties. *See* Ind. Appellate Rule 2(H). Interlocutory appeals are governed by Ind. Appellate Rule 14, and are taken as a matter of right, or accepted by this Court as a discretionary interlocutory appeal, after certification by the trial court.

Here, on February 8, 2008, Fry filed, among other pleadings, a pleading captioned "PLAINTIFF" [sic] MOTION FOR THE COURT TO CERTIFY IT'S ORDER GRANTING JUDGMENT BY DEFAULT TO THE DEFENDANT." Appellant's Appendix at 114. In that motion, Fry asked the trial court, pursuant to Rule 14(B) of the Rules of Appellate Procedure, to certify its order dated January 14, 2008, granting the default judgment in favor of the DOC. The trial court responded by entering an order captioned "ORDER GRANTING PLAINTIFF'S MOTION FOR A CLERK–CERTIFIED ORDER." Appellant's Appendix at 118. In that order, the trial court acknowledged that Fry was attempting to appeal the default judgment order. However, instead of entering an order certifying the issue or declining to certify the issue under Ind. Appellate Rule 14(B)(1), the trial court sent Fry a certified copy of the judgment and noted that "the Court believes that [Fry] intends to pursue the appeal of a final order." Appellant's Appendix at 118.

Fry did not renew his request for certification of the issue with the trial court. Therefore, to the extent that this appeal could be construed to be one from an interlocutory order it must be dismissed. The order was never certified by the trial court and jurisdiction of the appeal was not accepted by this Court. Accordingly, it would be proper to dismiss this appeal on this ground.

However, Fry's appeal fails for another reason. Even if we assume that the default judgment order is a final appealable order, Fry does not appear to have timely filed his notice of appeal.

■ After the default judgment was entered, Fry filed a response to the DOC's motion for default judgment. On January 28, 2008, Fry filed his motion to reconsider the order granting the default judgment. The next day, the trial court denied Fry's motion to reconsider. After attempting to pursue an interlocutory appeal, as discussed above, Fry filed his notice of appeal on February 14, 2008.

Ind. Trial 53.4(A) provides that a motion to reconsider does not "delay the trial or any proceedings in the case, or extend the

time for any further required or permitted action, motion, or proceedings under these rules." Further, it has long been held that the time for appeal is not extended by motions to reconsider. *See Strate v. Strate,* 149 Ind.App. 32, 269 N.E.2d 568, 569 (1971).

The default judgment order was entered on January 14, 2008. Fry filed his notice of appeal on February 14, 2008, thirty-one days after the order was entered. Ind. Appellate Rule 9(A) provides that appeals from final judgments must be filed within thirty days after the entry of a final judgment. The rule provides that the time period is extended if a motion to correct error has been filed. However, the motion to reconsider is not the same as a motion to correct error and does not work to extend the time period for filing the notice of appeal. Ind. Trial Rule 53.4(A); Ind. Appellate Rule 9(A)(1). If the trial court has issued a final judgment, the party must file a motion to correct errors rather than a motion to reconsider. *See Citizens Industrial Group v. Heartland Gas Pipeline, LLC,* 856 N.E.2d 734, 737 (Ind.Ct. App.2006). Consequently, since Fry filed a motion to reconsider, not a motion to correct error, and his notice of appeal was filed late, Fry's appeal must be dismissed.

NAJAM, J., and VAIDIK, J., concur.